Eugene Bataan AILSHIRE, Appellant,

v.

Gene DARNELL, Sheriff of Lafayette County, Lexington, Missouri, Appellee.

No. 74–1148.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1974.

Decided Dec. 31, 1974.

Francis L. Kenney, III, St. Louis, Mo., for appellant.

John H. Altergott, Jr., Kansas City, Mo., for appellee.

Before VOGEL, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

The controversy before us concerns the claims of Eugene Bataan Ailshire, a for-

mer inmate in the Lafayette County, Missouri, Jail, who contends that his Eighth Amendment rights were violated during his pretrial detention in that institution.[1] His *pro se* complaint, filed under 42 U.S.C. § 1983, named as defendant the Sheriff of the county, appellee herein. Upon defendant's motion and accompanying affidavit, the District Court[2] dismissed the action for failure to state a claim upon which relief could be granted. With the aid of appointed counsel, Ailshire appeals. Because we conclude that the District Court treated the motion to dismiss as a motion for summary judgment, *see* Fed.R.Civ.P. 12(b), without first notifying the plaintiff that he intended to do so, or affording him the required opportunity to file opposing affidavits, we vacate the judgment of dismissal and remand the case with instructions to permit plaintiff to amend his complaint and/or to submit counteraffidavits.

■ As a result of the disposition below, we view the facts in the light most favorable to appellant.[3] Ailshire has asserted that while awaiting trial in the Lafayette County Jail a prison trustee gave him a dosage of an hallucinogenic drug commonly known as LSD *in* response to his complaints of a headache. As a consequence of this treatment, he has alleged that he now experiences "flashbacks," nausea and other discomforts. Ailshire has prayed for damages in the amount of $250,000.

The defendant Sheriff predicated his motion to dismiss upon the view that he could be held liable for the incident only on a *respondeat superior* theory, a theory which is not available to a plaintiff seeking monetary relief for violation of his civil rights. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The defendant Sheriff submitted an affidavit stating, *inter alia*, that he had not witnessed the occurrence in question; that he had neither directed nor authorized jail trustees to furnish medication to the inmates; that he had neither authorized nor directed the particular occurrence alleged by Ailshire and, finally, that he had had no opportunity to intervene to prevent that incident. The District Court granted defendant's motion, observing that:

> Since the relief sought is monetary damages, "the doctrine of *respondeat superior* is not available to impose vicarious liability upon a defendant who has no personal involvement in the alleged deprivation of plaintiff's federally-protected rights." Jennings v. Davis, 339 F.Supp. 919, 921 (W.D.Mo. 1972), aff'd, 476 F.2d 1271 (8th Cir. 1973).

The assumed fact of "no personal involvement" must relate to the Sheriff's affidavit, since the complaint alleges in substance that the Sheriff had failed to train his subordinates properly. In this appeal the defendant Sheriff concedes that the District Court treated his motion to dismiss as a Rule 56 motion for summary judgment. He discerns no procedural irregularities in the disposition below, however, because (a) 12 days had elapsed between the filing of the motion and the issuance of the order of dismissal,[4] and (b) no genuine issue of fact was presented to the court and, according to defendant, plaintiff had failed to state a

---

1. At the time this appeal was filed, Ailshire was incarcerated in the Missouri Department of Corrections at Jefferson City, Missouri.

2. The Honorable William R. Collinson, United States District Judge for the Western District of Missouri.

3. The standard is substantially the same whether reviewing orders of dismissal issued under Fed.R.Civ.P. 12(b)(6), *see* Remmers v. Brewer, 475 F.2d 52, 53–54 n.2 (8th Cir. 1973), or summary judgments entered pursuant to Fed.R.Civ.P. 56, *see* Poller v. Columbia Broad-

casting Sys., Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

4. Under Local Rule 10(c) of the Local Rules of the United States District Court for the Western District of Missouri, taken together with Fed.R.Civ.P. 6(e), plaintiff has a total of eight days in which to respond and file affidavits and/or a brief in opposition to the motion to dismiss. By not responding within the eight-day period, appellee asserts that Ailshire let the affidavit stand uncontroverted.

claim as a matter of law. We reject such reasoning.

■ Rule 56 provides for service of the motion "at least 10 days before the time fixed for the hearing" in order to afford the party opposing the motion an opportunity to serve counteraffidavits.[5] While recognizing that there is some authority for permitting a district judge to enter summary judgment sua sponte when the pretrial procedures disclose the lack of a disputed issue of material fact and the facts so established indicate an unequivocal right to judgment favoring a party,[6] " [c]ourts of the eighth circuit have not so viewed the summary judgment procedure but have taken a position of strict compliance with the provisions of the rule." Twin City Federal Savings & Loan Association v. Transamerica Insurance Co., 491 F.2d 1122, 1126 (8th Cir. 1974); *accord*, Sims v. Mercy Hospital of Monroe, 451 F.2d 171 (6th Cir. 1971); Bowdidge v. Lehman, 252 F.2d 366 (6th Cir. 1958); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366, at 683 (1969); *see* Mills v. Larson, 56 F.R.D. 63, 65 (W.D.Pa.1972).

■ Indeed, defendant-appellee has failed to persuade us that Ailshire would not have been entitled to relief as a matter of law, even assuming the facts to be as set forth in the defendant-appellee's affidavit. Ailshire has urged in this appeal that he was not suing Sheriff Darnell on a *respondeat superior* theory but rather on a theory of direct liability for the latter's failure to provide proper training for his subordinates. While we express no opinion on the merits of Ailshire's contentions, we note that his reasoning is not totally without legal support. *See* Dewell v. Lawson, 489 F.2d 877 (10th Cir. 1974); United States ex rel. Miller v. Twomey, 479 F.2d 701, 724–725 (7th Cir. 1973) (Swygert, J., dissenting in part), cert. denied sub nom. Gutierrez v. Department of Public Safety, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974); Roberts v. Williams, 456 F.2d 819 (5th Cir.), cert. denied sub nom. Roberts v. Smith, 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110 (1971), modified, 456 F.2d 834 (5th Cir. 1972); *cf.* Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Moreover, as we have stated in the past, "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974).

■■ Since the case must be remanded because of procedural defects, we direct the District Court to afford plaintiff an opportunity to amend his pleading[7] as well as to file opposing affidavits. We do so mindful of Rule 15's mandate that "leave [to amend] shall be freely given," Fed.R.Civ.P. 15, and of the liberal construction ordinarily accorded *pro se* civil rights complaints, which are held to a "less stringent standard than formal pleadings drafted by lawyers," Cruz v. Cardwell, 486 F.2d 550, 552 (8th Cir. 1973).

Reversed and remanded for further proceedings in accordance with this opinion.

---

5. The time requirement does not mandate a hearing. The hearing must be requested by a party to the action. Fed.R.Civ.P. 12(d).

6. *E. g.*, Wirtz v. Young Elec. Sign Co., 315 F.2d 326 (10th Cir. 1963); Green v. Kaesler-Allen Lumber Co., 197 Kan. 788, 420 P.2d 1019 (1966).

7. In his brief Ailshire asserts that he attempted in good faith to file a reply in opposition to defendant's motion to dismiss but that, as a *pro se* plaintiff, he was unable to do so timely. He claims that he did mail an amended complaint to the District Court after the eight days allowed by Local Rule 10(c) and Fed.R.Civ.P. 6(e) had elapsed but that that pleading was neither ruled on by the District Court nor incorporated into the record on this appeal.

Because of our disposition of this case, we find it unnecessary to express an opinion on this aspect of the controversy.