**Robert WINFREY and Glenn McGhee, Appellants,**

v.

**Lou BREWER, Warden, et al., Appellees.**

**No. 76–1939.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1977.

Decided Feb. 15, 1978.

---

John M. Thompson, Iowa City, Iowa, argued, and Roosevelt Freeman, Student Legal Intern, on brief, for appellants.

Bruce W. Foudree, Asst. Atty. Gen., Des Moines, Iowa, argued, and Richard C. Turner, Atty. Gen., and Stephen C. Robinson, Sp. Asst. Atty. Gen., Des Moines, Iowa, on brief, for appellees.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

Appellants Robert Winfrey and Glenn McGhee, two inmates of the Iowa State Penitentiary, brought this action against various prison officials under the provisions of 42 U.S.C. § 1983, alleging violations of their constitutional rights in connection with certain prison disciplinary procedures. Treating a motion to dismiss filed by the defendants as a motion for summary judgment, the district court dismissed the complaint. Because the trial judge took this action without first notifying appellants of his intention to do so and without affording appellants the required opportunity to oppose the treatment of the motion as one for summary judgment, we reverse.

On February 22, 1976, appellants were involved in an altercation with several other inmates at the Iowa State Penitentiary.

Defendants James Menke (security director of the prison) and Ronald Knipe (assistant security director) interviewed a number of prisoners about the incident. Following this investigation, appellants were charged on February 23 with serious rule violations, including assault, fighting and possession of a weapon. On March 12, disciplinary hearings were conducted with Menke and Knipe participating as members of the hearing committee. Upon being found guilty of the alleged violations, appellants were each sentenced to ten days in isolation, loss of recreational privileges and classification to indefinite administrative segregation.

On April 26, 1976, appellants each filed with the district court a *pro se* complaint alleging in substance that his constitutional rights had been violated because Menke and Knipe had acted as both investigators and members of the hearing committee. Finding the factual allegations contained in these complaints to be vague and conclusory, the district court ordered the defendant prison officials to file a report regarding the circumstances surrounding the altercation. Realizing that the disciplinary procedures which had been followed might raise serious questions of due process violations,[1] the defendants conducted a second hearing on June 14, without the participation of Menke and Knipe as members of the committee. Appellants were again found guilty and their sentences were reaffirmed. Thereafter, on July 6, defendants filed their report, explaining the nature of the charges against appellants, their sentences and the reason for the second hearing. Along with this report, defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), asserting that any constitutional infirmity in the first disciplinary hearing had been cured by the second. A brief was filed in support of this position.

On August 13 appellants filed two additional documents, one denominated a "complaint," the other "brief in support of plain-

1. *See Rinehart v. Brewer*, 360 F.Supp. 105, 115 (S.D. Iowa 1973), *aff'd*, 491 F.2d 705 (8th Cir. 1974).

tiffs." These documents, *inter alia*, expressed appellants' belief that the second hearing had been a sham and that appellants were not receiving meaningful review of their administrative segregation status. Also on August 13, the district court filed his order dismissing appellants' complaints.

## I.

■ We begin our analysis with the proposition that the procedural requirements of Rule 56 are to be strictly adhered to. *Ailshire v. Darnell*, 508 F.2d 526, 528 (8th Cir. 1974). That rule provides that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." Fed.R.Civ.P. 56(c). The purpose of this notice provision is to allow the opposing party a meaningful opportunity to resist the motion by submitting counteraffidavits. Therefore, the required notice cannot be dispensed with merely because a motion to dismiss is treated as a motion for summary judgment by the district court, and this is true even though more than 10 days have elapsed between the filing of the motion and the entry of the order of dismissal.[2] *See Ailshire v. Darnell, supra,* 508 F.2d at 527–28; *Scott v. Courtesy Inns, Inc.,* 472 F.2d 563, 564 (5th Cir. 1973).

■ The district court concluded that notice was not required in the instant case because appellants had "submitted a brief in support of their position subsequent to defendants' motion to dismiss." Absent notice of the district court's intention to treat the motion as one for summary judgment, we are unpersuaded that a brief filed in response to a motion to dismiss represents the type of meaningful opposition contemplated by Rule 56. We are particularly

concerned in the context of this case, where two *pro se* complainants submitted from their jail cells typewritten statements of ambiguous import.[3] *See, e. g., Curry v. Brown,* 142 U.S.App.D.C. 231, 440 F.2d 259, 261–62 (1971); *Hudson v. Hardy,* 134 U.S. App.D.C. 44, 412 F.2d 1091, 1094 (1968).

For these reasons we hold that the district court erred in failing to comply with the notice requirements of Rule 56 before entering summary judgment against appellants.

## II.

We are also unconvinced that the judgment of dismissal can be sustained on the ground that appellants failed to state a claim upon which relief can be granted. The district court concluded that defendants were entitled to judgment as a matter of law because the second disciplinary hearing cured any conceivable due process violations occurring in the first. This view does not dispose of the claim that the second hearing itself fell short of affording due process guarantees.

■ Treating the documents filed by appellants in response to defendants' motion to dismiss as amendments to the original complaint,[4] the district court construed these documents as having properly raised the question of the impartiality of the second hearing committee. In ordering dismissal, however, the court stated that "[i]t cannot be concluded from the record that the second hearing was lacking the impartiality needed to satisfy due process."

■ We do not now consider whether this finding was justified by the record before the district court. We observe only

---

2. In the instant case, nearly 40 days had elapsed between the filing of the motion to dismiss on July 6 and the entry of the order of dismissal on August 13.

3. Appellants were not represented by counsel at any time prior to the entry of the order of dismissal by the district court. They subsequently obtained the assistance of counsel, however, and are being so represented on this appeal.

4. This action was proper. Fed.R.Civ.P. 15(a) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served." A motion to dismiss is not a "responsive pleading" for purposes of this rule. *See Thomas v. Pate,* 493 F.2d 151, 162 (7th Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974); *Adams v. Campbell County School District,* 483 F.2d 1351, 1353 (10th Cir. 1973).

that appellants were under no burden at this stage of the proceedings to prove the factual existence of bias. It is enough to withstand a motion to dismiss that the plaintiff has made factual allegations which, accepted as true, state a basis for relief. A motion to dismiss should be granted only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *accord, Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Jenkins v. McKeithen,* 395 U.S. 411, 422, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). We are satisfied that appellants' complaints, as amended, set forth facts sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted.[5]

Reversed and remanded with directions to allow appellants an opportunity to amend their complaint, or to file opposing affidavits or both.

---

5. We are also of the opinion that appellants' allegations that they are not receiving meaningful review of their administrative segregation status states a claim upon which relief can be granted. *See Kelly v. Brewer,* 525 F.2d 394, 399–400 (8th Cir. 1975).