Herbert O. JENSEN and Kenneth Hagle, Appellants,

v.

Edward KLECKER, Edwin F. Zuern, Joseph Havener, Winston Satran, Edward Scheck, Charles Enders, Robert Coad, Gary Hornbacher, Gerald Hanson, Neal Fahlsing, Allan Voegele and John R. Hessinger, Appellees.

No. 79–1124.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1979.

Decided May 14, 1979.

---

Herbert O. Jensen and Kenneth Hagle, pro se.

Robert P. Brady, Asst. Atty. Gen., Bismarck, N. D., on brief, for appellees.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Herbert O. Jensen and Kenneth Hagle, inmates of the North Dakota State Penitentiary, sued North Dakota state officials, including the Director of Institutions, the penitentiary warden and the penitentiary accountant, for damages and declaratory and injunctive relief under 42 U.S.C. § 1983. Their complaint was dismissed pursuant to Fed.R.Civ.P. 12(b) for failure to state a claim upon which relief could be granted. The district court considered and relied upon matters outside the pleadings without treating the motion to dismiss as a motion for summary judgment and without giving Jensen and Hagle notice of its intent to do

so, as he was required to do by Fed.R.Civ.P. 12(b) and 56(c). We therefore reverse and remand.

Jensen and Hagle alleged that certain prison officials allowed inmates to form the Wallstreet Jaycees, a group operating a concession stand in the penitentiary at which prison scrip was the medium of exchange. Funds in the inmates' personal financial accounts were exchanged for scrip through the penitentiary business office on a dollar for dollar basis. When discharged, inmates received up to $25 reimbursement for unused scrip.

The complaint alleged that in August 1977 prison officials suspended the Jaycee chapter, closed the stand and collected all unused scrip, providing inmates with receipts. Thereafter, the general membership of the Jaycee chapter voted that funds in the business office Jaycee account be transferred in appropriate amounts to the individual accounts of all inmates who held receipts. Jensen held a receipt for $6.45 and Hagle held receipts totaling $142.25. They allege that they have not been reimbursed, and claim that defendants' refusal to transfer funds to their accounts violates the due process clause of the fifth and fourteenth amendments.

Defendants filed a motion to dismiss the complaint for failure to state a claim, with a supporting brief and affidavit. They asserted they were not the real parties in interest and that no constitutionally protected right had been infringed by the actions alleged. The district court granted the motion. The court stated that it had considered defendants' motion to dismiss, the pleadings and defendants' affidavit and brief. Facts not alleged in the complaint, but set forth in the affidavit of prison warden Havener were recited and relied upon in the court's opinion.[1] The court held that the dispute was between plaintiffs and a group of other inmates, the Wallstreet

1. These facts were: The stand was closed for good and sufficient reasons. An inmate group formed to audit the books recommended that only scrip which could be shown to have been purchased by the inmate holding it be re-deemed, which recommendation the Jaycees' general membership rejected. No scrip has been redeemed because the Jaycee group has not "formally" requested transfer of the funds to individual inmate accounts.

Jaycees, and not with the prison officials. The court also held that plaintiffs' allegation that scrip had not been redeemed did not state a claim of constitutional dimensions.

■ When the district court considered defendants' affidavit in deciding the motion to dismiss, it was required to treat the motion as one for summary judgment. Fed.R.Civ.P. 12(b); *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Goodman v. Parwatikar*, 570 F.2d 801, 803 (8th Cir. 1978); *Ailshire v. Darnell*, 508 F.2d 526, 527 (8th Cir. 1974). However, there is no indication in the record that the court notified Jensen and Hagle of its intent or that it gave them an opportunity to file opposing materials, as is required by Fed.R.Civ.P. 56(c). We require strict compliance with the provisions of Rule 56, *Ailshire v. Darnell, supra*, 508 F.2d at 528, and we have held that notice may not be omitted even when more than 10 days have elapsed between filing of the motion and dismissal. *See Winfrey v. Brewer*, 570 F.2d 761, 764 (8th Cir. 1978).

Although Jensen and Hagle submitted exhibits and affidavits with their pro se trial brief, they did so a month before defendants' motion to dismiss and supporting affidavit were filed. There is no indication they received notice that the warden's affidavit would be considered and the motion to dismiss thereby converted to one for summary judgment, so that failure to file an opposing affidavit could result in an adverse judgment.

■ Defendants argue that the district court's failure to comply with the Rule 56(c) notice requirement was not prejudicial, because Jensen and Hagle were notified by a local rule to submit briefs in opposition to the motion within 10 days. However, Rules 12(b) and 56(c) contemplate an opportunity to file more than briefs. A pro se brief was held not to constitute "the type of meaningful opposition contemplated by Rule 56" in *Winfrey v. Brewer, supra*, 570 F.2d at 764. Plaintiffs' attempt to refute the affidavit by "exhibits," materials not presented to the trial court but filed on appeal, indicates that they might well have taken advantage of a meaningful opportunity to oppose the affidavit.

■ When the complaint is given the liberal construction ordinarily accorded pro se civil rights complaints, we are not convinced to a certainty that Jensen and Hagle would not be entitled to relief under any state of facts which they could prove in support of their claim. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Claims of intentional deprivation of a prisoner's property under color of state law are actionable under 42 U.S.C. § 1983. *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976). *Accord, Kimbrough v. O'Neil*, 545 F.2d 1059, 1061 (7th Cir. 1976); *Carter v. Estelle*, 519 F.2d 1136 (5th Cir. 1975). Failure to return a prisoner's confiscated property when requested to do so, *Alexanian v. N.Y. State Urban Dev. Corp.*, 554 F.2d 15 (2d Cir. 1977); *Cruz v. Cardwell*, 486 F.2d 550 (8th Cir. 1973), or permanent forfeiture of a prisoner's property without statutory authority, *Sell v. Parratt*, 548 F.2d 753 (8th Cir.), *cert. denied*, 434 U.S. 873, 98 S.Ct. 220, 54 L.Ed.2d 152 (1977), may violate the due process clause of the fourteenth amendment even if the initial confiscation was justified and authorized.

The judgment is reversed and the case remanded with directions to allow plaintiffs an opportunity to file materials in opposition to defendants' motion and to amend their complaint. We suggest to the district court that it consider appointing counsel to assist the plaintiffs in this case.