519 F.Supp. 749 (1981)
Burton Donald WOODS, Plaintiff,
v.
Jack DUGAN, Official Court Reporter, Defendant.
No. 81-531C(1).
United States District Court, E. D. Missouri, E. D.
August 3, 1981.
*750 Burton Donald Woods, pro se.
Thomas W. Wehrle, St. Louis County Counselor, Donald J. Weyerich, Sp. Asst. County Counselor, Clayton, Mo., for defendant.

MEMORANDUM
WANGELIN, Chief Judge.
These matters are before the Court upon plaintiff's motion for appointment of counsel and defendant's motion to dismiss. For the reasons stated below, plaintiff's motion will be denied and defendant's motion will be granted.
On May 11, 1981, plaintiff filed this pro se complaint alleging various violations of his civil rights, actionable under 42 U.S.C. § 1983. Specifically, plaintiff, who was found guilty by a jury in the St. Louis County Circuit Court on March 12, 1980, alleges that the court reporter's inability to prepare a transcript within the time frame set forth by plaintiff (not by his defense counsel) is a violation of the constitutional guarantee of a speedy trial. Furthermore, defendant's inaction is an attempt to thwart his speedy "redress against his criminal conviction", and an imposition upon plaintiff's family of "grave emotional stress and strain and an indefinite ailienation [sic] from his family in violation of plaintiff's right to be free from cruel and unusual punishment...."
The Court will deal first with the request for appointment of counsel. Although plaintiff has filed an affidavit attesting to his poverty, and was granted leave to file this action in forma pauperis, the Court will deny plaintiff's request for appointment of counsel. 28 U.S.C. § 1915 allows the waiver of certain costs, and in turn fails to waive other such costs. Court appointment of counsel in civil litigation is left to the discretion of the court. The Court is of the opinion that because the plaintiff requests some One Hundred Thousand Dollars ($100,000) in monetary compensation, if the claim has merit then plaintiff should be able to locate an attorney *751 who would accept employment on a contingent fee basis. See, e. g., Ferguson v. Fleck, 480 F.Supp. 219, 222 (W.D.Mo.1979). Accordingly, plaintiff's motion for appointment of counsel will be denied.
With respect to the gravamen of plaintiff's complaint, the Court is cognizant that pro se complaints are held to less stringent standards and formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, this directive to liberally construe pro se complaints does not relieve any litigant of the duty to state a claim upon which relief can be granted in accordance with Rule 8(a) of the Federal Rules of Civil Procedure.
In this instance, plaintiff is suing a court reporter for failure to provide a transcript on the state appeal in the case of State of Missouri v. Burton Donald Woods. Specifically, plaintiff is suing the court reporter of Division 11 of the St. Louis County Circuit Court, Jack Dugan, in his official capacity as official court reporter. Such personnel, when acting within their official capacity, are immune from civil liability in any action allegedly arising out of the pursuit of his lawful duties. Although such immunity is qualified, and not absolute, when a court reporter "can show that he was acting pursuant to his lawful authority and following in good faith the instructions and rules of the Court and was not in derogation of those instructions or rules..." McLallen v. Henderson, 492 F.2d 1298, 1300 (8th Cir. 1974), he is immune from a damage action arising out of alleged wrongful conduct.
Of course, the parties seeking the qualified immunity must come forth with some evidence that he is following the good faith rules or orders of a court. In this instance, defendant James R. Dugan has filed an affidavit stating that he has requested and been granted for good cause shown two extensions of time by the Missouri Supreme Court to file the three volume transcript of plaintiff's criminal conviction. Defendant further goes on to note that the trial extended over ten days, and prior to the commencement of the present action he had delivered two volumes to plaintiff's attorney. In addition "because of other professional demands, [he] has been unable to fully complete the transcript of plaintiff's trial.", but that he has devoted substantial amounts of "uncompensated, off-duty time in evenings and on weekends" to prepare plaintiff's transcript. Defendant also swears that he has spoken with plaintiff's criminal defense attorney on several occasions, explaining the necessary delays involved in the preparation of the last volume of the trial transcript. Lastly, affiant states that he will complete the final volume of the trial transcript within thirty-two (32) days.
Clearly, the assertions set forth in defendant's motion to dismiss, accompanying memorandum of law, and affidavit show that any action by the defendant has been justifiable within his lawful authority and following in good faith the rules and regulations of the Missouri Supreme Court, or is at least not in derogation of any rules set forth by that judicial body. The factual pattern unfolding in this case shows that this defendant is entitled to a qualified immunity, and therefore defendant's motion to dismiss will be granted.