Burton Donald WOODS, Appellant,

v.

Jack DUGAN, Official Court
Reporter, Appellee.

No. 81–1856.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 25, 1981.

Decided Oct. 1, 1981.

380

Burton Donald Woods, pro se.

Donald J. Weyerich, Sp. Asst. County Counselor, Clayton, Mo., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Burton Donald Woods appeals the district court's order granting defendant's motion to dismiss his complaint, 519 F.Supp. 749. We vacate the order and remand to the district court for further proceedings.

Woods, a Missouri state prisoner whose conviction is on appeal in state court, brought an action under 42 U.S.C. § 1983 against the court reporter, alleging that the reporter's eleven month delay in preparing a trial transcript violated his rights under the eighth and fourteenth amendments. Appellant sought damages and declaratory relief.

On June 29, 1981 defendant responded to the complaint by filing a motion to dismiss, alleging (1) failure to state a claim upon which relief can be granted; (2) qualified immunity; (3) impropriety of declaratory relief; and (4) the commencement of a malicious and frivolous action, justifying dismissal under 28 U.S.C. § 1915(d). Defendant's motion was accompanied by an affidavit to support the claim of qualified immunity.

In a July 6 letter to the district court, appellant stated that he had become aware that he should respond to the motion to dismiss, cited two cases on which he relied, and sought appointment of counsel to assist him in preparing a response. He also requested an extension of time within which to respond.

On August 3, 1981 the district court, without referring to the request for an extension of time, declined to appoint counsel and dismissed the complaint after concluding, on the basis of the affidavit filed in support of defendant's motion to dismiss, that defendant was entitled to a qualified immunity. Woods now appeals from the district court's order of dismissal.

■ Under Rule 12(b) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim upon which relief can be granted must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court. Fed.R. Civ.P. 12(b); e. g., Mazaleski v. Treusdell, 562 F.2d 701 (D.C.Cir.1977); Abramson v. Mitchell, 459 F.2d 955 (8th Cir. 1972). Thus, if the defendant files an affidavit in support of his motion to dismiss, the district court must treat the motion as one for summary judgment unless it decides to exclude the affidavit in considering the motion. E. g., Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389 (6th Cir. 1975). Because the district court considered the supporting affidavit in ruling on the defense motion in the instant case, the motion for dismissal of the complaint was in effect converted to a motion for summary judgment, and we must review the order grant-

ing the motion as one granting summary judgment. *E. g., Basel v. Knebel*, 551 F.2d 395 (D.C.Cir.1977); *Potrero Hill Community Action Committee v. Housing Authority*, 410 F.2d 974 (9th Cir. 1969).

When a motion to dismiss is treated as a motion for summary judgment, Rule 12 provides for its disposition pursuant to Rule 56. Fed.R.Civ.P. 12(b). Rule 12 further provides that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.; e. g., Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980); *Murphy v. Inexco Oil Co.*, 611 F.2d 570 (5th Cir. 1980).

From the record available to us, it appears that the district court may have granted the motion to dismiss without giving appellant adequate notice and opportunity to controvert the claims presented by defendant. Appellant's discussion of the two cases cited in his letter of July 6 to the district court did not fall within the materials contemplated by Rule 56. *See State v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454 (10th Cir. 1978). The "material made pertinent" by that rule includes, *inter alia*, opposing affidavits, but does not include mere discussion of cases cited in correspondence with the district court. *See State v. Peterson, Lowry, Rall, Barber & Ross, supra*, 585 F.2d at 457; Fed.R.Civ.P. 56(c). Because we are unable to find that appellant was given an opportunity to respond to the motion to dismiss, we vacate the district court's order and remand the case for proceedings consistent with our decision.

Since we are remanding it is unnecessary to appoint counsel on appeal, and we decline to do so. Our decision in this regard, however, is without prejudice to appointment of counsel in subsequent proceedings in the district court if the court finds that appointment is indicated.