**Gordon A. HEILLE, individually and d/b/a Trashmasters, Appellant,**

v.

**The CITY OF ST. PAUL, MINNESOTA, a municipal corporation, Appellee.**

No. 81–1493.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1981.

Decided Feb. 26, 1982.

Collins, Buckley, Sauntry & Haugh, Theodore J. Collins, Thomas J. Germscheid, argued, St. Paul, Minn., for appellant.

Edward P. Starr, City Atty., David W. Nord, argued, Asst. City Atty., St. Paul, Minn., for appellee.

Before LAY, Chief Judge, and HENLEY and ARNOLD, Circuit Judges.

HENLEY, Circuit Judge.

Plaintiff appeals the dismissal of his claims against defendant for alleged violations of the Sherman Act, 15 U.S.C. §§ 1 and 2, and 42 U.S.C. § 1983. We affirm the judgment of the district court, 512 F.Supp. 810.[1]

Plaintiff was a licensed rubbish hauler in St. Paul, Minnesota (the City), from 1956 until December, 1980. In 1971 the City entered the rubbish collection business pursuant to an ordinance which also provided a subsidy to those of defendant's customers who were senior citizens, widows, and low income families. It was stipulated that the City's business was not generally profitable

---

1. The Honorable Edward J. Devitt, United States Senior District Judge, District of Minnesota.

and was terminated in 1980. Plaintiff alleges that during the time the City engaged in rubbish collection, he lost over 725 of the approximately 2,000 customers he had when the City began its operation.

The present complaint was filed on January 20, 1980, alleging violations of the Sherman Act and § 1983. Defendant filed a motion in March, 1981, pursuant to Fed.R. Civ.P. 12(b)(6), seeking to have the complaint dismissed for failure to state a claim upon which relief can be granted. The record indicates that a hearing was held on April 6, 1981, and on April 9 a Memorandum and Order was entered dismissing plaintiff's antitrust claim for lack of subject matter jurisdiction, based on plaintiff's failure to establish the requisite nexus with interstate commerce, see *McLain v. Real Estate Board of New Orleans, Inc.*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980), and dismissing the remaining counts for failure to state a claim upon which relief could be granted.

Plaintiff first contends that the trial court erred in treating defendant's 12(b)(6) motion, with respect to plaintiff's antitrust claim, as a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. It is plaintiff's position that the court is allowed under 12(b)(1) to evaluate plaintiff's allegations on the merits, and that he was thus unexpectedly and unfairly deprived of the "safeguards" under 12(b)(6) of having all his allegations considered true and all inferences made in his favor. *See Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890–91 (3d Cir. 1977). However, although the district court did state that defendant's motion would be treated as a 12(b)(1) motion, it also stated that "the court must construe the pleadings, as supplemented, most favorably to the non-moving party." Thus, regardless of the appellation, the test actually applied was more consistent with a determination under 12(b)(6), or, because material outside the pleadings was considered, under Fed.R. Civ.P. 56 as a motion for summary judgment. *See Woods v. Dugan*, 660 F.2d 379 (8th Cir. 1981); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 494 F.Supp. 1161, 1173–74 and n.23 (E.D.Penn.1980).

■ In addition, plaintiff was not prejudiced by any lack of 12(b)(6) "safeguards" because he was given ample opportunity to discover and to submit all evidence relevant to establishing the requisite nexus with interstate commerce. *See Diversified Brokerage Services, Inc. v. Greater Des Moines Board of Realtors*, 521 F.2d 1343, 1347 n.3 (8th Cir. 1975). Plaintiff has not offered in his brief any relevant factual material not already considered by the district court and concedes in oral argument that he had opportunity to raise everything he could have raised under Rule 56.

■ The question then becomes whether the district court, after considering all plaintiff's evidentiary material and factual allegations, erred in concluding that plaintiff had failed to show a nexus with interstate commerce sufficient to establish a basis for proceeding to trial. The Supreme Court described plaintiff's burden as follows:

> To establish jurisdiction a plaintiff must allege the critical relationship in the pleadings and if these allegations are controverted must proceed to demonstrate by submission of evidence beyond the pleadings either that the defendants' activity is itself in interstate commerce or, if it is local in nature, that it has an effect on some other appreciable activity demonstrably in interstate commerce.

*McLain v. Real Estate Board of New Orleans, Inc.*, 444 U.S. at 242, 100 S.Ct. at 509. As noted by the district court, there is no "talismatic test." Rather, jurisdiction must be determined using a case-by-case analysis of the relevant economic facts. *See J. P. Mascaro & Sons, Inc. v. William J. O'Hara, Inc.*, 565 F.2d 264, 269 (3d Cir. 1977); *Western Waste Service Systems v. Universal Waste Control*, 616 F.2d 1094, 1098–99 (9th Cir.), *cert. denied*, 449 U.S. 869, 101 S.Ct. 205, 66 L.Ed.2d 88, (1980).

■ In looking now to the facts at hand, we note that defendant is a municipal corporation and that its rubbish collection business was carried on entirely within Minnesota. The district court considered the following factors, relied on by plaintiff, to "demonstrate only a remote nexus to inter-

state commerce": the trucks and equipment used to haul rubbish were purchased out of state; much of the rubbish collected originated out of state; some of plaintiff's or defendant's customers may have lived or worked nearby in Wisconsin; some waste from the metropolitan area was shipped to Wisconsin, although there was no proof that plaintiff or defendant engaged in such transactions. The court found it significant that no service or product was purchased or sold in interstate commerce by either party, that the businesses were relatively small, and that the operation of the businesses did not substantially affect an appreciable activity in interstate commerce.

A review of the cases upholding jurisdiction reveals, in addition to the factors alleged by plaintiff, a number of factors not shown in the present case. For example, the court in *J. P. Mascaro & Sons, Inc. v. William J. O'Hara, Inc.,* supra, noted that plaintiff and defendants financed their businesses through the government and out of state loans, and had corporate customers who paid through their out of state home offices. 565 F.2d at 266. In *Western Waste Service Systems v. Universal Waste Control,* supra, defendant was a foreign corporation, sold recyclable waste for out of state shipment, and financed its business through out of state loans. Also, both parties in that case distributed garbage compactors manufactured out of state. 616 F.2d at 1096. The defendant in *Tiger Trash v. Browning-Ferris Industries, Inc.,* 560 F.2d 818 (7th Cir. 1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978), was a Delaware corporation operating a rubbish collection business in Indiana, with a number of customers and accounts in Kentucky. *Id.* at 821. Finally, in *United States v. Pennsylvania Refuse Removal Ass'n,* 242 F.Supp. 794 (E.D.Penn.1965), substantial amounts of refuse were regularly collected in Pennsylvania and disposed of in New Jersey. *Id.* at 796–97. Upon full consideration of relevant cases and the record as a whole, we cannot say the trial court was incorrect in concluding that plaintiff failed to demonstrate the required nexus with interstate commerce. Indeed, there is no claim that the activity complained of or the relief sought has or will have any appreciable effect on interstate commerce.

■ Nor can we say the trial court erred in dismissing plaintiff's § 1983 claim for failure to state a claim upon which relief can be granted. Plaintiff contends that defendant, acting under color of state law, deprived him of his property, *i.e.,* his customer accounts and any valuable material in the rubbish. *See Parratt v. Taylor,* 451 U.S. 527, 536, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). However, as stated by the district court, the City did not prohibit plaintiff from engaging in his business but only competed with him, thus affecting his right to engage in business only indirectly. The district court's conclusion that this did not infringe upon a protected property right is supported by *O'Bannon v. Town Court Nursing Center,* 447 U.S. 773, 786–90, 100 S.Ct. 2467, 2476–77, 65 L.Ed.2d 506 (1980), wherein the Supreme Court held that residents were not deprived of a property interest by the decertification of the nursing home which resulted in their having to move. The Court found that any adverse effect of decertification was an indirect result of the valid governmental action and was therefore not protected by due process.

■ We also find plaintiff's § 1983 claim based on equal protection without merit. Plaintiff has failed to show any impermissible discrimination.

The judgment of the district court is affirmed.