618 F.Supp. 1468 (1985)
ST. LOUIS NEWSPAPER GUILD, LOCAL 47, the Newspaper Guild, AFLCIO, CLC; Janet K. Amann, et al., Plaintiffs,
v.
PULITZER PUBLISHING COMPANY, d/b/a St. Louis Post-Dispatch, Defendant.
No. 85-711C(1).
United States District Court, E.D. Missouri, E.D.
October 11, 1985.
Winn I. Newman, John Silard, Christine L. Owens, James A. Hendriksen, Washington, D.C., and Morris J. Levin, St. Louis, Mo., for plaintiffs.
Michael P. Casey and Curtis C. Calloway, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendant's cumulative and alternative motions to dismiss, for summary judgment, and to require plaintiffs to plead in separate counts. Under Rule 12(b) of the Federal Rules of Civil Procedure, when matters outside the pleadings are considered, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. Court v. Hall County, Nebraska, 725 F.2d 1170 (8th Cir.1984). In the case at bar, defendant has submitted affidavits in support of its cumulative and alternative motion. The affidavits relate to the duties of certain employees and were filed for the purpose of demonstrating that the jobs at issue in this action are not substantially similar. For the reasons discussed infra, this Court will exclude these affidavits in consideration of defendant's motion. Accordingly, the defendant's cumulative and alternative motion will be treated solely as *1469 a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b).
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102.
In the case at bar, defendant employs an advertising sales force, divided into four classifications, whose primary function is to sell advertising space in defendant's newspaper, the St. Louis Post Dispatch. Plaintiffs are female members of the St. Louis Newspaper Guild, employed by defendant as Classified Telephone Sales Representatives, Advertising Telephone Sales Representatives and Voluntary Classified Advisors. These three classifications are commonly referred to as the inside sales force. The fourth classification, the Outside Advertising Sales Representatives, comprises the outside sales force. In their complaint, plaintiffs allege a violation of Title VII, inter alia, that defendant intentionally established and maintained the inside sales force as primarily female positions through the practice of assigning, and subsequently confining, females to those classifications. In addition, plaintiffs allege that the outside sales force has been intentionally established and maintained as a predominantly male classification. Finally, plaintiffs allege that each inside classification is substantially equal in skill, effort and responsibility to the work of the outside sales force and that defendant discriminates against the female classifications on the basis of wages, job opportunities and other terms and conditions of employment. Members of the Classified Telephone Sale Representatives filed a complaint with the Equal Employment Opportunity Commission on December 11, 1981. A right to sue letter was issued on December 21, 1984. A second complaint was filed by the Executive Secretary of the St. Louis Newspaper Guild on behalf of the inside advertising sales department. A right to sue letter was issued on May 10, 1985.
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. makes it an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals ... sex...." 42 U.S.C. § 2000e-2(a). Congress, in enacting Title VII, sought to eliminate "artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification." Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971). In County of Washington v. Gunther, 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981), the Supreme Court held that a Title VII cause of action exists where female plaintiffs can demonstrate intentional sex based wage discrimination dispite the fact that plaintiffs do not perform tasks similar to that of male employees. In viewing the complaint in a light most favorable to the plaintiff, it is clear to this Court that a motion to dismiss is not proper. The complaint states that females are restricted to the inside sales positions and are not permitted to be advanced to, or considered for, the outside sales positions. The complaint also states that defendants assign personnel to the inside sales positions solely on the basis of their sex. Finally, the complaint states that defendant has intentionally discriminated against the plaintiffs on the basis of sex, with respect to wages and *1470 other terms and conditions of employment. The federal policy underlying Title VII is that individuals are entitled to equal opportunities in employment without discrimination because of race, color, religion, sex, or national origin. Christenson v. State of Iowa, 563 F.2d 353 (8th Cir.1977). Plaintiffs, in their complaint, allege that they have been denied equal opportunities in employment. In passing on a motion to dismiss, this Court must view the facts in the light most favorable to the plaintiff. Based on the allegations in plaintiffs' complaint, this Court cannot say beyond doubt that there is no set of facts under which plaintiffs can demonstrate intentional discrimination under Title VII. Accordingly, dismissal of plaintiffs' complaint would be improper.
The Ninth Circuit's recent opinion in State of Washington v. AFSCME, 770 F.2d 1401 (9th Cir.1985), is consistent with this Court's analysis. In that case, plaintiffs alleged sex-based wage discrimination under Title VII because employees in job classifications occupied primarily by women were paid less than employees in job classifications primarily occupied by men. The plaintiffs stated that the jobs were of equal value to the employer but were admittedly dissimilar in other respects. The Court recognized that Title VII's prohibition against sex discrimination extends to situations beyond those contemplated by the Equal Pay Act. The Ninth Circuit reversed the District Court's finding of a Title VII violation however, on the basis that the plaintiffs' evidence of intentional discrimination failed to demonstrate the necessary discriminatory intent.
Defendant in this action asserts that plaintiffs' complaint is solely one alleging a theory of comparable worth. Defendant, in support of its motion to dismiss, or for summary judgment submitted several affidavits which state that the inside and outside sales positions are dissimilar. These affidavits go to the comparable worth issue and not to the issue of intentional discrimination. Therefore, they were not considered by this Court in passing on defendant's motion. While this Court agrees with defendant that it is possible to read portions of plaintiffs' complaint as a comparable worth claim, for the reasons stated supra, this Court finds that plaintiffs have sufficiently alleged a violation of Title VII for intentional sex based wage discrimination to survive a motion to dismiss. Moreover, plaintiffs, in their memorandum in opposition to defendant's motion, state that their claim is not based on a comparable worth theory. Accordingly, while the issue of the validity of a comparable worth claim under Title VII has not yet been decided in this Circuit, the present posture of this case does not require this Court to do so.