Michael **CHAPMAN** and Terri Lynn Chapman, Plaintiffs,

v.

**LABONE, A Missouri Corporation and Labone, Inc., A Delaware Corporation, Defendants.**

**No. CIV.4:01–CV–10565.**

United States District Court, S.D. Iowa, Central Division.

Feb. 20, 2003.

Carlton G. Salmons, Gaudineer & Comito, LLP, West Des Moines, IA, Richard J. Dinsmore, Jayson D. Nelson, Dinsmore Law Office, PC, Omaha, NE, for plaintiffs.

Chester C. Woodburn, III, Hansen McClintock & Riley, Des Moines, IA, for defendants.

## RULING AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

LONGSTAFF, Chief Judge.

Plaintiffs Michael and Terri Lynn Chapman ("Chapmans") bring this action against defendant LabOne, Inc.[1] ("LabOne") alleging various state law torts stemming from LabOne's testing of Michael Chapman's urine sample. The Chapmans originally brought this action in the Iowa District Court for Polk County. LabOne removed the action to this court based on diversity of citizenship and federal question jurisdiction. LabOne moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Chapmans resist LabOne's motion. For the reasons articulated herein, LabOne's motion to dismiss will be granted.

---

1. The defendant, previously LabHoldings, Inc., a Missouri corporation, is the surviving entity of a 1999 merger with its Delaware subsidiary, LabOne, Inc. Pursuant to the merger, defendant's name was changed to LabOne, Inc.

## STANDARD OF REVIEW

In addressing a motion to dismiss, the allegations of the complaint must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), the Supreme Court articulated the test as follows:

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Id.* at 236, 94 S.Ct. 1683.

## BACKGROUND

The following allegations are considered facts for the purposes of this motion, and are found in the complaint. On or about January 26, 1996, Michael Chapman ("Michael") was employed as a switchman for the Chicago Northwestern Railroad.[2] Mi-

---

2. Chicago Northwestern Railroad was subsequently purchased by the Union Pacific Rail-

chael later reached the status of freight conductor and began the process of obtaining his engineer license for the Union Pacific Railroad ("Union Pacific"). Under federal law, railroad carriers are required to conduct periodic drug testing on certain railroad employees. Union Pacific entered into an agreement with LabOne to perform the required drug testing of its employees in accordance with federal regulations and industry standards.

On or about August 26, 1999 Michael was required to undergo a random drug screening by providing a urine sample. Michael's sample was forwarded to LabOne to test for certain prohibited substances. LabOne was also responsible for testing the sample to determine whether it had been substituted, adulterated, or diluted. LabOne subsequently reported to Union Pacific that Michael's sample was "not consistent with human urine," and was a substitute. Thereafter, Union Pacific terminated Michael's employment.

On August 23, 2001, the Chapmans filed a ten-count petition in the Iowa District Court for Polk County alleging: (1) negligence; (2) breach of contract; (3) defamation; (4) negligent misrepresentation; (5) fraudulent misrepresentation; (6) interference with an existing business relationship; (7) interference with prospective business relations; (8) intentional infliction of emotional distress; (8) invasion of privacy; and (10) loss of spousal consortium. On September 21, 2001, LabOne removed the action to this court. LabOne now seeks to dismiss the Chapmans' complaint arguing, *inter alia*, that federal law expressly pre-empts their state law claims.

## DISCUSSION

■ Congress's power to pre-empt state law stems from the Supremacy Clause of the United States Constitution, which provides that "This Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. The United States Supreme Court has observed that "the question of whether a certain state action is pre-empted by federal law is one of congressional intent. The purpose of Congress is the ultimate touchstone." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 208, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). The Court has further noted that federal regulations have the same pre-emptive effect as federal statutes. *City of New York v. F.C.C.*, 486 U.S. 57, 63, 108 S.Ct. 1637, 100 L.Ed.2d 48 (1988). Accordingly, this case requires an examination of the text and structure of the relevant statutes and regulations to determine if it is the "clear and manifest purpose of Congress" to pre-empt the Chapmans' state law causes of action. *CSX Transp. V. Easterwood*, 507 U.S. 658, 664, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993).

Congress created the Federal Railroad Safety Act ("FRSA") to ensure that railroad safety would be "nationally uniform to the extent practicable." 49 U.S.C. § 20106; *see also Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 261 (8th Cir.1996). In 1991, Congress amended the FRSA to require railroad carriers to test certain employees for the use of alcohol and controlled substances. *See* Omnibus Transportation Employee Testing Act of 1991, 49 U.S.C. § 20140. To accomplish this mandate, the Department of Transportation promulgated the Control of Alcohol and Drug Use regulations. *See* 49 C.F.R. § 219.1 *et seq.* (1999). Among other things, the regulations require railroad carriers to implement a program for random alcohol and drug testing of certain railroad employees. 49 C.F.R.

road Corporation.

§§ 219.601–.605 (1999). The regulations further require that the testing comply with the procedures provided for in the Department of Transportation Workplace Drug and Alcohol Testing Programs regulations, 49 C.F.R. § 40.1 *et seq. See* 49 C.F.R. § 219.701 (1999).

■ The FRSA also contains an express pre-emption clause which provides:

> Laws, rules, regulations, and orders related to railroad safety shall be nationally uniform to the extent practicable. A State may adopt or continue in force a law, regulation, or order related to railroad safety until the Secretary of Transportation prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety when the law, regulation, or order (1) is necessary to eliminate or reduce an essentially local safety hazard; (2) is not incompatible with a law, regulation, or order of the United States Government; and (3) does not unreasonably burden interstate commerce.

49 U.S.C. § 20106. The corresponding FRSA regulation provides further pre-emption language which reads:

> (a) Under section 20106 of title 49, United States Code, issuance of the regulations in this part preempts any State law, rule, regulation, order or standard covering the same subject matter, except a provision directed at a local hazard that is consistent with this part and that does not impose an undue burden on interstate commerce.
>
> (b) FRA does not intend by issuance of the regulations in this part to preempt provisions of State criminal law that impose sanctions for reckless conduct that leads to actual loss of life, injury or damage to property, whether such provisions apply specifically to railroad employees or generally to the public at large.

49 C.F.R. § 219.13 (1999). Legal duties imposed on railroads by state common law fall within the scope of these pre-emption clauses. *Easterwood,* 507 U.S. at 664, 113 S.Ct. 1732. The issue before the court, therefore, is whether the Department of Transportation has issued regulations "covering the same subject matter" as the state law claims upon which the Chapmans base their complaint. As the United States Supreme Court has recognized, the regulations must do more than merely "touch upon" or "relate to" the subject matter of the common law claims, "for 'covering' is a more restrictive term which indicates that pre-emption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law." *Id.* Nonetheless, I conclude that the FRSA and its corresponding regulations do indeed cover the same subject matter as the Chapmans' claims.

In Count 1 of their state court petition, the Chapmans allege that LabOne was negligent in its testing of Michael's urine sample. Specifically, the Chapmans claim that LabOne breached its common law standard of care in the following ways:

(a) The Defendant(s) lacked the necessary capabilities according to industry standards to assess the validity of the reported test; or

(b) The Defendant(s) lacked the necessary capabilities according to applicable federal rules and regulations to assess the validity of the reported test; or

(c) The Defendant(s) failed to properly perform the testing or report the test results to the Plaintiff's employer; or

(d) The Defendant(s) failed to use due care in the testing, assessing the validity, performance of testing, or re-

porting the test results to the Plaintiff's employer.

Counts 3 through 9 allege defamation, misrepresentation, tortious interference with business relationships, intentional infliction of emotional distress, and invasion of privacy. Count 10 claims that Terry Lynn Chapman suffered a loss of consortium as a result of LabOne's actions and the injuries sustained by Michael.

Count 1 and Counts 3 through 10 all share one thing in common—they are all predicated on the manner in which LabOne tested Michael's urine specimen and subsequently reported the results to Union Pacific. This is fatal to the claims because the Department of Transportation has promulgated regulations explicitly covering the standard of care and reporting requirements that laboratories must follow in conducting drug tests pursuant to the FRSA. *See* 49 C.F.R. § 219.701 (1999) (incorporating the procedures of 49 C.F.R. pt. 40). Particularly relevant to this case are the regulations found in 49 C.F.R. §§ 40.21–.51 (1999), which set forth in detail specimen collection and laboratory analysis procedures, guidelines for laboratory personnel, and requirements for reporting test results to employers. Taken together, these regulations "substantially subsume the subject matter" of state tort law regarding the standards for drug testing railroad employees. *See Frank v. Delta Airlines*, 314 F.3d 195, 201 (5th Cir. 2002) (holding that 49 C.F.R. pt 40 substantially subsumes the drug testing procedures required by Federal Aviation Administration regulations); *Howell v. Lab One, Inc.*, 225 F.Supp.2d 1168, 1174 (D.Neb.2002) (holding that "[d]rug screening of railroad employees is an area where federal law completely preempts the field."). Allowing the Chapmans to avail themselves to state law causes of action would impose duties on LabOne that are independent from and duplicative of those imposed by the FRSA regulations. *See Frank*, 314 F.3d at 201. Consequently, I find and conclude that Count 1 and Counts 3 through 10 are expressly preempted by the FRSA regulations and must be dismissed.

In Count 2 of their state law petition, the Chapmans allege that Michael was an intended beneficiary of contracts entered into between Union Pacific and LabOne. They further claim that LabOne breached the terms, conditions, and warranties, both expressed and implied, contained therein. As this is a motion to dismiss, matters outside of the pleadings—such as the actual contracts between LabOne and Union Pacific—may not be considered by the court. *See Jensen v. Klecker*, 599 F.2d 243, 244 (8th Cir.1979) (reversing district court's decision to grant motion to dismiss because the district court considered matters outside of the pleadings). Focusing only on the allegations in the Chapmans' state law petition, they aver that Union Pacific entered into agreements with LabOne generally employing it to perform "testing in accordance with the terms of the agreement, including industry standards and the referenced federal regulations." (Compl. at 2.) Thus, it appears from the face of the petition that the Chapmans rely upon the procedures employed by LabOne to test Michael's urine sample as the source of the breach of contract. As articulated above, this subject matter has been substantially subsumed by the FRSA regulations. Count 2, as currently pleaded, is therefore expressly preempted. The court recognizes that there may exist other language in the contracts that could give rise to the Chapmans' breach of contract claim. In the

interest of justice, plaintiffs are granted leave to amend their complaint to allege a breach of contract claim based upon grounds other than the procedures used by LabOne to test Michael's urine sample.

## RULINGS AND ORDER

Defendant's motion to dismiss is **GRANTED** on all counts.[3]

Count 1 and Counts 3 through 10 are **DISMISSED** on the grounds that these claims have been expressly pre-empted by FRSA regulations.

Count 2 is **DISMISSED** on the grounds that, as currently pleaded, it is expressly pre-empted by FRSA regulations. Plaintiffs are **GRANTED** leave to file a breach of contract claim based on grounds other than those expressly pre-empted by FRSA regulations. If Plaintiffs wish to amend their complaint, they have thirty days from the date of this order in which to do so. If Plaintiffs choose not to amend their complaint within the time allowed, judgment will be entered according to the terms of this order.

**IT IS ORDERED.**

---

**3.** LabOne also sought dismissal of the Chapmans' claims on grounds other than express pre-emption. Because LabOne's motion to dismiss is granted on express pre-emption grounds, I do not reach a decision regarding the remaining challenges to the Chapmans' complaint.