**Doyle J. WILLIAMS, Appellant,**

v.

**Donald WYRICK, Appellee.**

**No. 84–1332.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1984.

Decided Nov. 8, 1984.

Doyle J. Williams, pro-se.

Melinda Corbin, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Doyle J. Williams appeals from the district court's order denying his motion for a preliminary injunction. Williams, a death row inmate at the Missouri State Penitentiary, brought this action under 42 U.S.C. § 1983 claiming that prison officials violated his constitutional guarantee of access to the courts by refusing to allow him personal access to the prison law library, and by restricting his access to his investigator. After an evidentiary hearing, the magistrate recommended that Williams's motion be denied. The district court adopted the magistrate's report and recommendation and denied the motion for a preliminary injunction. We affirm.

■ Inmates are constitutionally guaranteed access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). A prison regulation or practice that burdens an inmate's right of access "must be weighed against the legitimate interests of penal administration and the proper regard that judges should give to the expertise and discretionary authority of correctional officials." *Procunier v. Martinez*, 416 U.S. 396, 420, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974). The fundamental concern is whether an inmate is denied meaningful access to the court. *Bounds*, 430 U.S. at 823, 97 S.Ct. at 1495. Williams contends that, because he must meet with his investigator in the main visiting room rather than the conference room used by other investigators, and because he is denied personal access to the prison law library, he is being denied access to the courts. Although these prison regulations may inconvenience Williams, we find that they are supported by the prison's legitimate interest in security to a degree sufficient to uphold the district court's exercise of discretion in denying the preliminary injunction. This is particularly true here because counsel has been appointed to represent Williams in connection with his murder conviction and death sentence.

Moreover, twenty-three inmates on death row have been assigned two inmate paralegals and one "runner" who procure law books upon request, copy portions of legal materials, and research legal questions for the inmates. Although the record indicates delays in the procurement of legal material due to stolen books, Williams has prosecuted a substantial number of cases in state and federal court, and has never had a case dismissed or a motion denied because of these delays. Thus, we conclude that Williams has not made a sufficient showing of denial of access to the courts to entitle him to a preliminary injunction.

■ Williams also argues that the prison regulation requiring him to meet with his investigator in the general visiting room rather than the conference room used by other investigators, violates his right of access to the courts. In the general visiting room a wire screen separates the inmate and his visitor; in contrast, there is no screen in the conference room and material may be passed between the two. The prison only allows an investigator to meet an inmate in the conference room if the investigator has proof of employment from an attorney or criminal justice agency. The reason for this requirement is that the attorney or agency remains ultimately liable for the investigator and will not send someone who poses a threat to prison security. Considering the deference given to prison officials in questions of prison management, *see Hewitt v. Helms*, 459 U.S. 460, 467, 103 S.Ct. 864, 869, 74 L.Ed.2d 675

(1983), we cannot say that this regulation is so unreasonable as to require issuance of a preliminary injunction. Moreover, the record shows that when Williams's investigator worked for an attorney, she had little difficulty using the conference room. Williams may visit his investigator up to five hours each day in the general visiting room and his use of the mails is unimpeded.

Considering the prison's valid interest in security and balancing it against the inconvenience caused to Williams's access to the courts, we find that the district court did not abuse its discretion in denying the preliminary injunction. We discern no present threat of irreparable harm and believe Williams's legal needs are being met.[1]

Accordingly, the judgment of the district court denying Williams's motion for a preliminary injunction is affirmed.

---

1. We note that our decision is limited to whether the district court erred in denying the preliminary injunction and is not a final decision on the merits for purposes of collateral estoppel. *See Medtronic, Inc. v. Gibbons,* 684 F.2d 565, 569 (8th Cir.1982).

