Rolf KAESTEL, Appellant,

v.

**A.L. LOCKHART, Director of the Arkansas Department of Correction, Appellee.**

No. 84–1456.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 13, 1984.

Decided Oct. 22, 1984.

Rehearing and Rehearing En Banc Denied Nov. 19, 1984.

Rolf Kaestel, pro se.

Steve Clark, Atty. Gen., and Carter Hardage, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT, and ROSS, Circuit Judges.

PER CURIAM.

Rolf Kaestel, an inmate of the Arkansas Department of Corrections (the Department), appeals pro se from a final order of the district court[1] granting summary judgment in favor of appellee Lockhart, the Director of the Department. We affirm.

**FACTS**

On January 6, 1984, appellant filed an action under 42 U.S.C. § 1983 challenging the Department's prohibition on the receipt and use of postal stamps and failure to provide indigent inmates with reasonable free postage for nonlegal mail. In his complaint appellant acknowledged that pre-stamped envelopes were available through the commissary and that on a limited basis chaplains' funds were available for postage for indigent inmates personal mail. Appellant, however, asserted that he and other indigent inmates were deprived of their

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

constitutional right to meaningful personal correspondence.

On January 30, 1984, pursuant to Fed.R. Civ.P. 12(b)(6), appellee filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. In support of the motion appellee filed a brief and an affidavit attached to the brief. In his brief appellee conceded that, as demonstrated by the affidavit, the Department prohibited the receipt and use of loose postal stamps. Appellee, however, asserted that, as stated in the affidavit, the policy was justified for security reasons in that the loose postal stamps had a face monetary value and could be bartered. On February 6, appellant filed a response to the motion to dismiss. He prefaced his response by stating that he was handicapped in his ability to respond because he had not received a copy of appellee's affidavit. In his response, appellant argued that the Department's proffered security interest was not substantial because inmates bartered the prestamped envelopes and that it was irrational to equate stamps with currency because of the small face value of a stamp.

Appellee admits that appellant did not receive a copy of the affidavit with the brief. However, on February 29 a copy of the affidavit was hand-delivered to appellant.

By order filed March 21, 1984, the district court granted summary judgment in favor of appellee. The court stated that because it had considered the affidavit attached to the appellee's brief, the court would treat the motion to dismiss as one for summary judgment.

## DISCUSSION

### A. Notice

██ Appellant argues that the district court committed reversible error when it converted appellee's 12(b)(6) motion into a motion for summary judgment without affording him notice and an opportunity to respond. "Under Rule 12(b)[6], Fed.R. Civ.P., a motion to dismiss for failure to state a claim upon which relief can be granted shall be treated as one for summary judgment if matters outside the pleadings are presented to and considered by the court." *Inland Container Corp. v. Continental Insurance Co.,* 726 F.2d 400, 401 (8th Cir.1984) (per curiam). A motion for summary judgment must be served "at least 10 days before the time fixed for a hearing" to afford the opposing party an opportunity to present counteraffidavits. Fed.R.Civ.P. 56(c). This court has required strict compliance with the notice requirement. *Tyler v. Harper,* 744 F.2d 653 at 657 (8th Cir.1984) (citing *Jensen v. Klecker,* 599 F.2d 243, 245 (8th Cir.1979) (per curiam); *Winfrey v. Brewer,* 570 F.2d 761, 764 (8th Cir.1978); *Ailshire v. Darnell,* 508 F.2d 526, 528 (8th Cir.1974)). We, however, have held that noncompliance in limited circumstances may constitute harmless error. *Tyler v. Harper,* at 657 (citing *Green v. White,* 693 F.2d 45, 47 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2464, 77 L.Ed.2d 1341 (1983); *Kelsey v. State of Minnesota,* 565 F.2d 503, 506 n. 2 (8th Cir.1977)).

On the facts of this case, we find that the district court's failure to give notice was harmless error. We are persuaded that appellant was not prejudiced. Appellee's motion to dismiss restated the essential points of the affidavit and appellant filed a meaningful response to the motion. Furthermore, we note that appellant received the affidavit 22 days before entry of the judgment and appellant asserts in his brief that on receipt of the affidavit he was aware that he could file opposing material. Finally, and most importantly, there was no dispute as to any issue of material fact. *See Milwaukee Typographical Union No. 23 v. Newspapers, Inc.,* 639 F.2d 386, 391 (7th Cir.) ("where no potential disputed material issue of fact exists, summary judgment will not be disturbed even though the district court disregarded the procedure which should have been followed"), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981).

## B. Constitutionality of postage regulations

■ In granting the state's motion for summary judgment, the district court correctly found that the prohibition against the receipt and use of postal stamps was constitutional. Although recognizing that this case was not a censorship case, the district court looked to *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). In *Procunier,* the Supreme Court held that when implementation of a prison policy affects first amendment rights, a court must determine whether or not the policy furthers "an important or substantial governmental interest unrelated to suppression of expression[,]" such as an interest in prison security, and that "the limitation * * * must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id.* at 413, 94 S.Ct. at 1811. We agree with the district court that the challenged policy advanced the interest of penal security and order in prohibiting contraband trading, and that the intrusion was minimal and no greater than was necessary.

■ In addition, we find that the district court did not err in concluding that the state need not provide postage for indigents' nonlegal mail. Although appellant asserts that he is not requesting unlimited postage but only reasonable postage for personal mail, the district court noted that the state does provide indigent inmates with limited postage assistance through the chaplains' fund. As appellee points out, more restrictive mail policies have been found constitutional. *See Jensen v. Kleckner,* 648 F.2d 1179, 1183 (8th Cir.1981) (per curiam) (inmates have no right to "unlimited free access to mails"); *Twyman v. Crisp,* 584 F.2d 352, 359 (10th Cir.1978) (states not required to pay postage on all legal mail; "[r]easonable regulations are necessary to balance the rights of prisoners with budgetary considerations").

Accordingly, the judgment of the district court is affirmed.