**John DUVALL, Appellant,**

v.

**Brian SHARP, a/k/a Smurf; Garland County, Arkansas; Sheriff Clay White, Appellees.**

**No. 90–1053WA.**

United States Court of Appeals, Eighth Circuit.

Submitted June 1, 1990.

Decided June 14, 1990.

John Duvall, pro se.

Paul R. Bosson, Hot Springs, Ark., for appellees.

Before MAGILL and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

John Duvall appeals from the district court's order granting summary judgment to Garland County, Arkansas, and two of its law enforcement officers on his 42 U.S.C. § 1983 complaint. We reverse and remand.

On March 5, 1988, Duvall was arrested after refusing to provide information concerning his identity to an Arkansas Highway Patrol officer while the officer was investigating a possible criminal offense. Duvall was charged with interfering with governmental operations and was convicted in state circuit court. On March 27, 1989, Duvall failed to appear for sentencing, was arrested on a bench warrant, and was sentenced to thirty days imprisonment in the county jail. He was also charged with failing to appear at sentencing. While being processed at the jail by Deputy Sheriff Brian Sharp, Duvall refused to disclose his social security number. Sharp then arrested Duvall for impairing the operation of a vital public facility (a felony). Sharp then completed a waiver-of-rights form which Duvall refused to sign, whereupon Sharp arrested him for obstructing governmental operations (a misdemeanor). On March 29, 1989, the Garland County Prosecutor's office nolle prossed both charges. On April 1, 1990, Duvall was sentenced to ten days imprisonment on the failure to appear charge; he was credited with three days time served.

Duvall filed this section 1983 action pro se against Sharp, Sheriff Clay White, and Garland County, Arkansas, alleging that Sharp, White and members of the Garland County Prosecuting Attorney's Office conspired to charge him with criminal offenses for the March 27 incidents in order to coerce him into dismissing a separate civil rights action filed against White and the County, and that Sharp arrested him without probable cause or authority to effectuate the arrests. The district court granted defendants' motion for summary judgment as to the claim based on the felony charge, ruling that Duvall's rights were not violated because the prosecutor did not pursue the charge and Duvall was credited with the three days he was held on the charge towards his ten-day sentence for the failure to appear conviction. The court subsequently held that Sharp was authorized to make the felony arrest under Arkansas Rule of Criminal Procedure 4.1(b) (any citizen may effect an arrest where he has reasonable grounds for believing that a person has committed a felony) and dismissed the complaint. This timely appeal followed.

■■■ To plead conspiracy, a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end. *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988). Here the complaint clearly alleges that appellees took a specific action, i.e., conspired to instigate false charges against Duvall to coerce him into dismissing a civil rights action against White and Garland County. This was sufficient for pleading purposes to state a cause of action for retaliatory conduct in violation of Duvall's first and fourteenth amendment rights. *See Sanders v. St. Louis County*, 724 F.2d 665, 666 (8th Cir.1983) (per curiam). Appellees moved for summary judgment only on Duvall's false arrest claim and neither they nor the district court addressed the conspiracy/retaliation claim. Thus, the district court erred in dismissing Duvall's complaint as to this claim.

■■■ Probable cause for the felony arrest could not have existed under Arkansas law even given the facts as alleged by appellees and accepted by the district court. To constitute the offense of impairing the operation of a vital public facility,

the individual must have (1) knowingly caused; (2) a substantial interruption or impairment; (3) of the operations of a vital public facility; (4) by damaging the property of another or incapacitating an operator of such a facility. Ark.Code Ann. § 5–38–205. It is clear that the fourth element was lacking and therefore Sharp could not reasonably have believed that probable cause existed to arrest Duvall for the felony offense. As to the misdemeanor arrest, not only did Sharp not have authority to make the arrest, but refusal to sign a waiver form could not constitute probable cause.

█ Although appropriately supported motions for summary judgment may dispose of Duvall's claims against one or all appellees on the conspiracy/retaliation claim, the district court erred in granting appellees summary judgment and dismissing Duvall's complaint. Moreover, Duvall should have been granted summary judgment against Sharp on the unlawful arrest claims. Although Duvall suffered no actual damages, he is entitled to nominal damages on these claims which the district court is instructed to determine on remand.

Accordingly, the judgment of the district court is reversed and remanded for further proceedings consistent with this opinion.