**Michael MURPHY, Plaintiff,**

v.

**Denis DOWD, and George Lombardi, Defendants.**

**No. 88–1758 C (2).**

United States District Court, E.D. Missouri, E.D.

Oct. 22, 1990.

Michael Murphy, Fordland, Mo., Thomas M. Burke, St. Louis, Mo. for plaintiff.

Robert Krehbiel, Sp. Asst. Atty. Gen., Evans & Dixon, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

FILIPPINE, Chief Judge.

This matter is before the Court on defendants' motion for summary judgment.

Plaintiff, who was incarcerated at the Farmington Correctional Center, filed this action under 42 U.S.C. § 1983 as a result of policies at that institution. Specifically, plaintiff alleges he was denied access to the courts by an institutional regulation limiting the amount of paper, including legal papers, an inmate could retain in his cell and by a regulation requiring that legal papers in excess of that amount be stored in accordion folders in the institution's property room. Denis Dowd was the Superintendent at that institution and George Lombardi was the Director of the Division of Adult Institutions for the Missouri Department of Corrections.

Defendants have filed a motion for summary judgment in which they assert that the regulation restricting the amount of paper an inmate could keep in his cell did not limit plaintiff's access to the courts; even if access to the courts was burdened by the regulation, it is based on a legitimate safety interest and is, thus, constitutional; plaintiff has not been prejudiced by the regulations and, therefore, has no claim; and defendants are protected by qualified immunity. Plaintiff, through appointed counsel, has filed suggestions in opposition to the motion for summary judgment. In that opposition, however, he does not address the issues raised in the motion. Rather, plaintiff's opposition consists mostly of a restatement of his claim and an assertion that the regulations were applied to him in an arbitrary and capricious manner in retaliation by a Sergeant Landers. In that opposition, plaintiff also states that the motion for summary judgment is premature because he has not yet received an answer to an interrogatory seeking the address of Sergeant Landers and that he does not yet have the deposition of Steven Moore, another institutional officer referred to in the complaint. This case is set on the Court's docket for October 22, 1990, and the motion for summary judgment was filed September 7, 1990,[1] the last day it could be filed. Local Rule 7(H) (motion for summary judgment cannot be filed later than 45 days prior to trial). Under the circumstances, the motion for summary judgment cannot be considered premature.

Both to the extent that plaintiff is challenging the constitutionality of the regulations and to the extent that plaintiff is alleging that, for retaliatory reasons, the regulations were applied to him in an arbitrary and capricious manner, the Court agrees with defendants that summary judgment must be granted.

Summary judgment is appropriate when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). When presented with such a motion, this Court must determine whether there "are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary" will not preclude a summary judgment. *Id.* at 248, 106 S.Ct. at 2510. When evaluating a motion for summary judgment, the Court must view the facts in the light most favorable to the party against whom the motion is directed, giving such party the benefit of all reasonable inferences to be drawn from the facts. *Portis v. Folk Constr. Co.*, 694 F.2d 520, 522 (8th Cir.1982). However, the party opposing the summary judgment motion "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510 (quoting *First*

---

1. Plaintiff was granted an extension of time to file his opposition until October 4, 1990, and defendant's reply was then filed on October 11, 1990.

*National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

■ The Court will first address the issue of the constitutionality of the regulations as raised by the motion for summary judgment. In an affidavit provided in support of the motion, Denis Dowd states that, at the time plaintiff was transferred to Farmington, the institutional policy was to allow each inmate to retain in his cell those legal papers which could be stored in a box with dimensions of 18 inches by 24 inches by 18 inches. The cells in question are about 80 square feet and house two inmates. The purpose for the rule, according to Dowd, is fire safety, and the minimization of places for hiding contraband. The policy of limiting the amount of paper retained can result in an inmate not having all his legal papers in his cell; plaintiff, for example, arrived at Farmington with approximately three boxes of legal papers. In his deposition George Lombardi testified that legal papers in excess of those retained in the cell could be stored in the institutional property room with the inmate determining which legal papers he would store in his cell. Legal papers stored in the property room were to be placed in accordion folders marked with the inmate's name and the case number. According to the regulations, inmates are allowed access to these excess legal papers and are allowed to retrieve papers from the property room as long as papers from their cell are placed in storage and the maximum amount for the cell is not exceeded.

> Inmates are constitutionally guaranteed access to the courts.... A prison regulation or practice that burdens an inmate's right of access 'must be weighed against the legitimate interests of penal administration and the proper regard that judges should give to the expertise and discretionary authority of correctional officials.'... The fundamental concern is whether an inmate is denied meaningful access to the

court.... (citations omitted). *Williams v. Wyrick*, 747 F.2d 1231, 1232 (8th Cir. 1984).

The regulations at issue here can deny an inmate immediate access to some of his legal materials. That limitation on access, however, does not necessarily result in a denial of meaningful access to the courts in that the inmate can retain a box of documents in his cell and it is the inmate who determines which of his legal papers will be in his cell. Furthermore, the regulations allow for the retrieval of documents from the property room and does not in any way limit access to the law library or to counsel. Plaintiff has produced nothing in response to the motion for summary judgment which challenges these conclusions. The Court, therefore, must conclude that, on their face, the regulations at issue do not limit meaningful access to the courts.

Furthermore, to the extent that access to all legal materials may not be immediate and an inmate's access to the courts is burdened, there is a rational basis for the restrictions. Plaintiff has provided nothing to counter defendants' argument that the regulations are related to fire safety and minimizing contraband [2] and that these are legitimate penological concerns. The regulations at issue balance the inmate's access to legal materials with these concerns by allowing legal papers to be kept in the cells but setting a maximum on the amount of paper. Thus, even if the restrictions burden a constitutional right, they are reasonable restrictions rationally related to a legitimate penological concern and are, therefore, constitutional.

The Court finds that summary judgment is appropriate as to plaintiff's challenge to the constitutionality of the regulations. The Court, therefore, need not address defendants' arguments that plaintiff has not been prejudiced by the regulations and that defendants are protected by qualified immunity.

■ Plaintiff, however, asserts that the regulations were applied to him in an arbitrary and capricious matter for retaliatory reasons. In support of this argument,

---

**2.** Defendants assert that stacks of paper are a hiding place for contraband the searching of which is time consuming.

plaintiff, in his opposition to the motion for summary judgment, refers to the affidavit he submitted with his complaint. In that affidavit he stated that when he arrived at Farmington he was only allowed to retain two court orders totalling approximately twelve pages and that his attempts at reviewing his other material were frequently unsuccessful. This argument must fail, however, in light of the testimony plaintiff gave at his June 28, 1990, deposition.

At his deposition, plaintiff testified that he had a box of approximately 12 inches by 12 inches by 24 inches in his cell and that "it was fairly well full" of legal files. Although he testified that these legal materials mostly represented material generated while he was housed at Farmington, this testimony clearly shows that the regulation allowing one box of legal materials was applied to him as written. Plaintiff also admitted at his deposition that on June 1, 1988, he was given an opportunity to go through his papers in the property room and that he signed a statement indicating that he had taken what he needed from those boxes. Finally, in his affidavit plaintiff refers to an incident that occurred when he went to the property room and was not allowed to remove any papers. At the deposition, however, he admitted that, at that time, he refused to turn in the papers he had brought with him.

Plaintiff referred to his affidavit at the deposition. The Court must conclude that plaintiff's testimony given while referring to the affidavit is a clarification of, rather than in contradiction to, the affidavit. That deposition testimony rebuts plaintiff's claim of arbitrary and capricious application of the regulations. The facts established by the deposition stand uncontradicted because plaintiff has provided nothing new in opposition to the motion for summary judgment and has chosen instead to rely on the affidavit attached to his complaint and the depositions of Denis Dowd, George Lombardi and Steven Moore.[3] As stated above, the affidavit must be read in light of plaintiff's later deposition. As such, these documents do not create a genuine question of material fact as to the application of the regulations to plaintiff. The motion for summary judgment must, therefore, be granted.

An appropriate judgment will accompany this memorandum and order.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED.

### JUDGMENT

In accordance with the memorandum and order filed this date and incorporated herein,

IT IS HEREBY ORDERED and ADJUDGED that defendants shall have judgment against plaintiff and that plaintiff's claim for relief is DISMISSED with prejudice.

Dated this 22nd day of October, 1990.

---

**3.** Only the deposition of George Lombardi is before the Court. Plaintiff states that Denis Dowd's deposition was previously filed before the Court, however, if it was sent to the Court, it was not made a part of this file. The deposition of Steven Moore has apparently not yet been transcribed.