935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome SUEING, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director, Michigan Department of
Corrections, et al., Defendants-Appellees.
 No. 90-2216.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerome Sueing, a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Sueing sued several Michigan correctional officials, alleging violations of various constitutional rights due to different policies and practices implemented by the defendants. The district court determined that Sueing's claims were without merit and dismissed the case as frivolous. Sueing then filed a timely appeal.
 
 
 3
 Upon review, we determine that, with one exception, the district court properly dismissed the case. Sueing's claims are frivolous because they lack an arguable basis in law. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 However, we determine that Sueing's claim challenging the prison rule prohibiting receipt of stamps through the mail is not frivolous. A rule restricting the receipt of stamps by inmates could materially impede the inmates' first amendment rights. See Kaestel v. Lockhart, 746 F.2d 1323, 1325 (8th Cir.1984); Morgan v. LaVallee, 526 F.2d 221, 225 (2d Cir.1975). Thus, to be valid under the Constitution, the restriction must be reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 84-91 (1987).
 
 
 5
 Accordingly, for these reasons, we affirm the district court's judgment in part and vacate the judgment in part and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.