Alden T. WHITFIELD, Plaintiff,

v.

FOREST ELECTRIC CORP., Defendant.

No. 90 Civ. 4936 (KTD).

United States District Court,
S.D. New York.

July 10, 1991.

Frederick K. Brewington, New York City (Kenneth Ware, of counsel), for plaintiff.

London Fischer, New York City (James L. Fischer, of counsel), for defendant.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Alden T. Whitfield, hired by defendant Forest Electric Corporation ("For-

est Electric") to be its President's chauffeur, claims that he was discriminated against on the basis of his race. On April 5, 1990, Whitfield filed charges with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR"). The EEOC issued Whitfield a right to sue letter on July 6, 1990, whereupon he commenced this action *pro se.* With the help of the court's *pro se* office, he brought claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–5 and 2000e–5(g) against defendant Forest Electric Corporation ("Forest Electric"). At the first status conference held before me on December 7, 1990, counsel appeared on behalf of Whitfield and I granted him leave to serve an amended complaint at that time. Pursuant to leave granted by me, Whitfield served an amended complaint, dropping the Title VII/ 2000e–5 claim. The amended complaint seeks general and punitive damages in addition to attorney's fees (42 U.S.C. § 1988), claiming the following: (1) discrimination, 42 U.S.C. § 1981; (2) conspiracy and neglect or refusal to prevent conspiracy to violate 42 U.S.C. §§ 1981, 1985; (3) breach of contract, fraud, and misrepresentation; (4) intentional infliction of emotional distress; and (5) interference with prospective contractual relations. This amended complaint apparently dropped Whitfield's original cause of action arising under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5 (1982).[1] Forest Electric now moves pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) to dismiss the amended complaint for failure to plead fraud with particularity and/or to state a viable legal claim.

## STATEMENT OF FACTS

Whitfield was hired as a chauffeur by Forest Electric on April 20, 1986 to drive Martin Hirsch, the company's President. Before Whitfield commenced his job, Hirsch purportedly stated that if his family were properly taken care of "he [Whitfield] would have a job for life or as long as he wanted it." Amended Complaint ¶ 46. On April 10, 1987, Whitfield requested a salary increase, from nine to fifteen dollars per hour and time and a half for work performed in excess of sixty hours per week. Shortly thereafter Whitfield was told by Hirsch that "he does not like smart asses." Complaint ¶¶ 11–13. From that point on, Whitfield claims that Hirsch spoke "in a loud, sarcastic voice whenever he addressed plaintiff." Complaint ¶ 15.

According to Whitfield, while eating his lunch in a restaurant with another chauffeur, Hirsch walked over and stated: "he did not know that a Black man was allowed to eat in that restaurant." Complaint ¶ 16. Whitfield further alleges that "[a]fter publicly degrading the plaintiff in Niles Restaurant, Martin Hirsch began calling the plaintiff a 'Smatza' [sic], which is a Yiddish term for 'nigger.'" Complaint ¶ 19. According to Whitfield, the harassment continued unabated. Whitfield next claims that Hirsch called him "[a] mother fucking liar and a lying bastard and a no good nigger." Complaint ¶ 23. On March 9, 1987, Whitfield was issued a medical disability certificate purportedly due to the stress he was suffering at work; he remained out of work until March 26. Upon his return, Whitfield learned that his position as Hirsch's chauffeur was terminated. Complaint ¶ 28.

## DISCUSSION

Whitfield alleges that his cause of action for discrimination is cognizable pursuant to 42 U.S.C. § 1981 because he was wrongfully terminated from his position as Hirsch's chauffeur as indicated by numerous derogatory statements attributable to Hirsch, referencing Whitfield's color and race, which immediately preceded termination without proper notice. Section 1981, in pertinent part, states:

---

1. I must assume that the amended complaint intentionally omitted jurisdiction based upon 42 U.S.C. § 2000e–5 because the original complaint contained reference to 42 U.S.C. §§ 2000e–5 as well as 1981 *et seq.* whereas jurisdiction in the amended complaint (after Whitfield was represented by counsel) was predicated solely on 42 U.S.C. §§ 1981, 1985, and 1988, dropping reference to § 2000e–5.

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981 (1988).

■ "The most obvious feature of the provision is the restriction of its scope to forbidding discrimination in the 'mak[ing] and enforce[ment]' of contracts alone." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1988). Section 1981 "cannot be construed as a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination only in the *making* and *enforcement* of contracts." *Id.* (emphasis supplied). With regard to the "making" of a contract, a claim is not cognizable under § 1981 for problems occurring after a contract is entered into and arising from the conditions of continuing employment. *Id.*

■ Moreover, the right to enter into a contract is not inclusive, "as a matter of either logic or semantics," of the employer's conduct after the contract was entered. Whitfield was an at-will employee who worked for Hirsch in excess of one year before Hirsch allegedly commenced to behave in a fashion discriminatory to Whitfield. Thus, these allegations of discrimination, which arose after the contract was entered, are inapplicable and cannot fulfill the pleading requirements for a 1981 cause of action.

■ Similarly, the right to *enforce* a contract does not "extend beyond conduct by an employer which impairs an employee's ability to enforce through legal process his or her established contract rights." *Patterson v. McLean Credit Union*, 491 U.S. at 177–78, 109 S.Ct. at 2373. It was never alleged that Hirsch interfered in any way with Whitfield's right to enforce his contract by legal means. Whitfield's allegation, "on information and belief," that Hirsch "offered plaintiff a bribe ... [in order to get Whitfield to exempt] Forest Electric from any future litigation" is illusory and cannot constitute an impairment of Whitfield's rights to legal process. It does not rise to the level of, and cannot on that sole basis predicate an impairment to enforce a 1981 contract right. "Interpreting § 1981 to cover postformation conduct ... is not only inconsistent with that statute's limitation to the making and enforcement of contacts, but would also undermine the detailed and well-crafted procedures for conciliation and resolution of Title VII claims." *Patterson v. McLean Credit Union*, 491 U.S. at 180, 109 S.Ct. at 2374. In essence, Whitfield's allegations arise solely from conditions of his employment, and reprehensible though it may be, is not actionable under § 1981. *See id.* (claim is not actionable under § 1981 even where plaintiff can prove that she was subjected to a racially prejudicial work environment created and/or condoned by defendant).

Whitfield next claims that Hirsch was part of a conspiracy and neglect or refusal to prevent a conspiracy in violation of 42 U.S.C. § 1985. Specifically, Whitfield alleges that "the defendant and each of its employees, servants and agents, failed and/or refused to prevent the wrongs conspired against him." Section 1985, in pertinent part, states:

If two or more persons in any State or Territory conspire ... for the purpose of depriving, whether directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the law ... the party so injured or deprived may have an action for the recovery of damages.

42 U.S.C. § 1985 (1988).

■ This requirement presumes the existence of an agreement between two or more persons in order to prove that a "con-

spiracy" existed. In light of the fact that all statements alleged in the amended complaint are attributable to Hirsch alone, Whitfield wholly fails to allege the agreement between two or more persons requisite to the existence of a conspiracy. Indeed, the amended complaint either omits or fails to identify the existence of any other person with whom Hirsch conspired to deprive Whitfield of his rights. *See Duvall v. Sharp,* 905 F.2d 1188, 1189 (8th Cir.1990) ("To plead conspiracy, a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed towards an unconstitutional end.") No mutual understanding to violate Whitfield's constitutional rights is alleged in the complaint at bar adequate to withstand this motion to dismiss. Needless to say, simple conclusory allegations are an insufficient predicate to sustaining a conspiracy claim.[2]

■ For the foregoing reasons, Whitfield's First and Second Causes of Action are dismissed for failure to meet minimal pleading requirements or to state a claim upon which relief may be granted. Because Whitfield's counsel failed to preserve claims arising under the broader provisions of Title VII, 42 U.S.C. § 2000e–5,[3] there is no remaining federal jurisdiction. The remaining pendent state claims must therefore fall for lack of diversity among the parties. The complaint is therefore dismissed in its entirety. Any request for attorneys fees is denied.

SO ORDERED.

---

**2.** 42 U.S.C. § 1988 provides for reasonable attorney's fees to a prevailing party on a claim asserted pursuant to the civil rights laws. 42 U.S.C. §§ 1981 *et seq.* Since Whitfield fails to sustain his pleading burden with respect to his federal claims, no attorneys fees are due him here.

**3.** Although Whitfield went so far as to receive a right to sue letter and commence a *pro se* action pursuant to Title VII, 42 U.S.C. § 2000e–5, his federal claims must fall for his counsel's failure, in the amended complaint, to preserve review of the discrimination claims on that statutory basis.

Where conduct is covered by both § 1981 and Title VII, the detailed procedures of Title VII are rendered a dead letter, as the plaintiff is free to pursue a claim by bringing suit under § 1981 without resort to those statutory

prerequisites.... [Although] there is some statutory overlap we are not at liberty 'to infer any positive preference for one over the other.' ... That egregious racial harassment of employees is forbidden by a clearly applicable law (Title VII), moreover, should lessen the temptation for this Court to twist the interpretation of another statute (§ 1981) to cover the same conduct. In the particular case before us, we do not know for certain why petitioner chose to pursue only remedies under § 1981, and not under Title VII.

*Patterson v. McLean Credit Union,* 491 U.S. 164, 181, 109 S.Ct. 2363, 2375, 105 L.Ed.2d 132 (1989).

Similarly, *it is not my job here to read* Title VII into a § 1981 claim, nor to second guess Whitfield's counsel in his methods and modes of practice.