**Jerry Wayne SMITH, Appellant,**

v.

**Robert ERICKSON, Helene Haworth, Richard Craven, Rudy Kohler, Robert L. Aufderhar, James J. Ryan, Harold C. Hansen, Tim Scott, Appellees.**

**No. 91–3081.**

United States Court of Appeals, Eighth Circuit.

Submitted March 31, 1992.

Decided April 20, 1992.

Jerry Wayne Smith, pro se.

Katherine M. Brennan, St. Paul, Minn., (Hubert H. Humphrey, III and Katherine M. Brennan, on brief), for appellees.

Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.

PER CURIAM.

Jerry Wayne Smith, a former Minnesota prisoner, appeals from the district court's [1] order granting defendants summary judgment on his civil rights claims. We affirm.

Smith was transferred to Minnesota from Kansas in 1986, pursuant to the Interstate Corrections Compact (ICC), and confined at the state prison in Stillwater. On February 25, 1988, he mailed a 42 U.S.C. § 1983 complaint and a motion for a temporary restraining order to the district court in Minnesota. After learning his complaint had not been filed and unsuccessfully attempting to locate it by contacting deputy clerk Tim Scott, Smith reconstructed his documents.[2] Smith alleged that (1) the

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. The original complaint and motion were filed on June 13, 1988, without explanation for the delay. The second complaint included a *Bivens-*type claim against Scott.

prison does not supply indigent inmates with free postage or writing supplies for legal correspondence; (2) the prison's policy of requiring indigent inmates to use envelopes purchased from the prison for their legal correspondence is facially unconstitutional and has been enforced against Smith in a retaliatory manner; (3) both policies are illegal as applied to Smith because they violate rights he retains under Kansas law and the ICC; (4) Scott denied Smith access to the courts by refusing to file his initial complaint and by misleading him regarding its whereabouts; and (5) defendants conspired to deny Smith access to the courts.

On appeal, Smith argues the district court incorrectly granted defendants' motion for summary judgment on his claims; abused its discretion by denying his motion for discovery against defendant Scott; and erroneously denied his request for injunctive relief. A substantial portion of Smith's brief is devoted to claims related to another case, and Smith has moved to supplement the record on appeal with documents from that litigation. Defendants oppose Smith's motion.

■ The district court correctly granted Scott's motion for summary judgment on immunity grounds. Similarly, the record supports the district court's decision to grant summary judgment against Smith in connection with his facial challenge to the prison's policy on free postage and writing supplies. Contrary to Smith's allegation, the prison provides indigent inmates with one free mailing per week for legal correspondence. If an inmate needs additional financial assistance for mailing legal correspondence, he is allowed to maintain a negative balance in his account indefinitely. The prison also provides reasonable amounts of free paper and pens to all inmates through the prison library. This policy satisfies constitutional standards. *See Bounds v. Smith*, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 1496–97, 52 L.Ed.2d 72 (1977); *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir.1986).

■ We also agree with the district court's conclusion that the prison-envelope-only policy is not facially unconstitutional. "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261–62, 96 L.Ed.2d 64 (1987). The purpose of the prison policy "is to maintain an efficient system for handling mail and to prevent inmates from stealing envelopes and stamps from the institution." (Appellees' App. at 52.) The policy has a logical connection to the asserted purposes of efficiency and security. *See Kaestel v. Lockhart*, 746 F.2d 1323, 1325 (8th Cir.1984) (per curiam).

The district court correctly rejected Smith's claim that he was denied access to the courts by operation of this policy when Helene Haworth refused to mail his legal correspondence on February 16 and 24. It was Smith's failure to follow valid prison rules, not the policy or defendants' acts, which caused the delay. Likewise, the district court correctly rejected Smith's retaliation claim, as the alleged retaliatory disciplinary action was taken because Smith disobeyed a direct order. *See, e.g., Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir.1990) (per curiam). Additionally, Smith failed to show that he had any prior or pending lawsuits against prison officials at the time the discipline was imposed. *Cf. Ponchik v. Bogan*, 929 F.2d 419, 420 (8th Cir.1991) (plaintiff had previously filed two lawsuits against prison officials).

Furthermore, the district court correctly determined Smith's claim based on the ICC is foreclosed by *Stewart v. McManus*, 924 F.2d 138, 141 (8th Cir.1991). Smith's other arguments are meritless. Regarding the conspiracy claim, he failed sufficiently to allege that a mutual understanding or agreement existed among the defendants. *See, e.g., Duvall v. Sharp*, 905 F.2d 1188, 1189 (8th Cir.1990) (per curiam). The district court did not abuse its discretion by denying Smith's request for discovery pending the outcome of Scott's motion for summary judgment on immunity grounds. Additionally, Smith's claim for injunctive relief is now moot because he is no longer

confined in Minnesota. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985). Finally, we deny Smith's motion to expand the record on appeal with documents not presented to the district court in connection with this case. *See Kemlon Prods. & Dev. Co. v. United States,* 646 F.2d 223, 224 (5th Cir.), *cert. denied,* 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981).

Accordingly, we affirm.