978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ronald D. CHANDLER, Appellant,
Jewell WILLIAMSON; Brenton Cross, Plaintiffs,
v.
George LOMBARDI; Ernest Cowles, Appellees.
 No. 92-1180.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 28, 1992.
Filed: November 9, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald D. Chandler, a Missouri prisoner, appeals from the magistrate judge's[1] order granting defendants' motion for summary judgment on his 42 U.S.C. § 1983 claim. We affirm.
 
 
 2
 On July 20, 1988, Chandler and three other inmates not parties to this appeal commenced this action against Missouri prison officials George A. Lombardi and Ernest L. Cowles. Plaintiffs alleged that they had been denied access to the courts by a policy Lombardi and Cowles had established, which required non-indigent inmates to purchase stamps and envelopes used to mail legal documents, paper used for drafting legal documents, and photocopies. Plaintiffs sought declaratory and injunctive relief, reimbursement for money spent on stamps, stationery, and copies, and compensatory and punitive damages.
 
 
 3
 Defendants moved for summary judgment, arguing that plaintiffs were not indigent; that plaintiffs had not been prejudiced by the policy; and that defendants were entitled to qualified immunity. Plaintiffs opposed this motion and filed a cross-motion for partial summary judgment. They requested an order declaring that their rights had been violated and that the only issue left to decide was damages. With the assistance of counsel, Chandler filed a responsive affidavit in which he stated that he had missed the deadline for filing a petition for a writ of certiorari in the Supreme Court because of complications in obtaining copies for the appendix to the petition.
 
 
 4
 The magistrate judge granted defendants' motion and denied plaintiffs' motion as moot. The magistrate judge concluded that Chandler had failed to establish that defendants' policy caused him to file his petition late. On appeal, Chandler argues that the magistrate judge erred by granting summary judgment on his claim because he demonstrated that he had been prejudiced by the policy.
 
 
 5
 After reviewing the record de novo and examining the evidence in the light most favorable to Chandler, see United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992), we conclude that, in response to defendants' motion, Chandler failed to make a showing sufficient to establish that he had been prejudiced by defendants' policy. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Prejudice is an essential element of an access-to-the-courts claim. See, e.g., Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991); Williams v. Wyrick, 747 F.2d 1231, 1232 (8th Cir. 1984) (per curiam); Grady v. Wilken, 735 F.2d 303, 306 (8th Cir. 1984) (per curiam).
 
 
 6
 In his responsive affidavit, Chandler asserted only that his petition for a writ of certiorari was untimely because of complications in getting copies he needed for his appendix. In his motion to the Supreme Court to file the petition out of time, he stated that he thought his petition would be deemed filed on the date it was postmarked; that he had some problems in completing his petition because he had been transferred to a different room in the prison; that he had several other cases pending at the same time; and that there were some complications in obtaining necessary copies for the appendix. Chandler made no reference to his inability to pay for copies or postage in this motion, and it reveals that Chandler's actions, not defendants' policy, caused him to miss the filing deadline. Cf. Smith v. Erickson, 961 F.2d 1387, 1388 (8th Cir. 1992) (per curiam) (rejecting access-to-courts claim because prisoner's failure to follow rules caused delay in mailing legal correspondence).
 
 
 7
 Chandler did file an affidavit on March 20, 1990, in connection with his "statement of personal damages," in which he stated that he was unable to afford postage, copies, and envelopes within the time required to file the petition. His responsive affidavit did not refer to or incorporate this one, however, and in response to defendants' motion, it was his burden to identify specific facts demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e). The district court is not required to search the record for factual issues. See Schneider v. TRW, Inc., 938 F.2d 986, 990-91 n.2 (9th Cir. 1991). We deny defendants' motion to dismiss the appeal.
 
 
 8
 Accordingly, we affirm.
 
 
 9
 A true copy.
 
 Attest:
 
 10
 CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri. The parties consented, pursuant to 28 U.S.C. § 636(c), to allow the magistrate judge to conduct all proceedings, including entry of judgment