46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Everett B. ROBINSON, Appellant,
Lenard Cummings; Quinton Harris; Eric Woods, Plaintiffs,
v.
D.A. BOULIER, Correction Officer, Wrightsville Unit,
Arkansas Department of Correction; D.L. Tucker, Correction
Officer, Wrightsville Unit, Arkansas Department of
Correction; James Banks, Major, Wrightsville Unit, Arkansas
Department of Correction; P. Wallace, Lt., Wrightsville
Unit, Arkansas Department of Correction; M. Cannon,
Correction Officer, Wrightsville Unit, Arkansas Department
of Correction, Appellees.
 No. 94-2593.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 24, 1995.
Filed: Jan. 27, 1995.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Everett Robinson[1] appeals the district court's grant of summary judgment. We vacate and remand.
 
 
 2
 Robinson, an Arkansas inmate, brought this 42 U.S.C. Sec. 1983 action alleging he was being denied his right to privacy because he had to shower and use toilet facilities in the presence and view of female correctional officers. Defendants moved for summary judgment and provided exhibits and affidavits in support. The district court, applying Timm v. Gunter, 917 F.2d 1093 (8th Cir. 1990), cert. denied, 501 U.S. 1209 (1991), granted the motion, relying on defendants' supporting affidavits and exhibits.
 
 
 3
 Before the district court ruled on the summary judgment motion, Robinson twice notified the court that he had not received the defendants' supporting documents and requested that the documents be sent to him so that he could respond to them; on appeal, Robinson maintains he still has not been provided the documents. Because nothing in the record shows that Robinson received the documents, and because we believe that Robinson needed them in order to have a meaningful opportunity to respond to the motion, we vacate the district court's order and remand the case. See CIA. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 409-10 (1st Cir. 1985); cf. Kaestel v. Lockhart, 746 F.2d 1323, 1324 (8th Cir. 1984) (per curiam). On remand, the district court should direct the clerk of the court to serve the exhibits and affidavits on Robinson, so that he may examine them and file a response before the district court rules on the summary judgment motion.
 
 
 
 [1]
 Three other inmates joined Robinson as plaintiffs below. Because only Robinson signed the notice of appeal and it is not clear that the other inmates intended to appeal, Robinson is the only party to whom our decision applies. See Fed. R. App. P. 3(c); see also Scarella v. Midwest Federal Savings & Loan, 536 F.2d 1207, 1209 (8th Cir.), cert. denied, 429 U.S. 885 (1976)