_____

No. 95-2628
_____

Richard Roe,                          *
                                      *
        Appellant,                    *
                                      *
    v.                                *
                                      *
Paul K. Delo; Don Roper; Al           *
Luebbers; Charles Harris;             *   Appeal from the United States
James Reed; Danny Berry;              *   District Court for the
Brian O'Connell; John H.              *   Eastern District of Missouri.
Grohmann; Phillip Nixon;              *
Linda Wilkson; Greg Wilson;           *        [UNPUBLISHED]
Larry Youngman; Greg Dunn;            *
Fred Johnson; William                 *
Armontrout; Dora Schriro,             *
                                      *
        Appellees.                    *

_____

Submitted:  March 6, 1996

    Filed:  March 12, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

    Missouri inmate Richard Roe filed this 42 U.S.C. § 1983 suit against
numerous prison officials, alleging that he was issued a false and
retaliatory conduct violation and placed in temporary administrative
segregation confinement (TASC) and administrative segregation (ad seg)
without due process, and denied access to the courts and adequate exercise
while in ad seg.  The district court[1] granted summary judgment in favor of
defendants, and Roe appeals.

_____

    [1]The HONORABLE JEAN C. HAMILTON, Chief Judge of the United
States District Court for the Eastern District of Missouri.

Roe was initially placed in TASC for nonpunitive, investigative reasons following violent prison disturbances; thus, he had no right to a prior hearing. See Hewitt v. Helms, 459 U.S. 460, 468 (1983); Brown-El v. Delo, 969 F.2d 644, 647 (8th Cir. 1992). His due process rights were satisfied when he received notice of the reason for the transfer, the opportunity to make a statement, and informal reviews which resulted in his continued placement in TASC and ad seg. See Hewitt, 459 U.S. at 476.

Roe was subsequently found guilty of a conduct violation. Defendants made an unrefuted showing there was some evidence to support this disciplinary action. See Brown v. Frey, 807 F.2d 1407, 1412-13 (8th Cir. 1986). Roe's claim of retaliatory discipline fails because he did not show any prior or pending lawsuits or grievances against any defendant when the conduct violation issued. See Smith v. Erickson, 961 F.2d 1387, 1388 (8th Cir. 1992) (per curiam). His due process claim that he received a false conduct violation therefore fails as well. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Finally, Roe failed to show he was prejudiced by the alleged denial of access to the courts, see Berdella v. Delo, 972 F.2d 204, 210 (8th Cir. 1992), and failed to show a sufficiently serious deprivation of exercise. See Wishon v. Gammon, 978 F.2d 446, 448-49 (8th Cir. 1992).

The judgment of the district court is affirmed. Defendants' motion to dismiss is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.