**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-3498

| | | |
|---|---|---|
| Charles Gordon Long, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Ann Barry, Individually and as | * | |
| commissioner of the Department | * | |
| of Health; Frank Wood, Individually | * | |
| and as Commissioner of Department | * | |
| of Corrections; Dana Baumgartner, | * | Appeal from the United States |
| Individually and as Health Services | * | District Court for the |
| Director of the Department of | * | District of Minnesota. |
| Corrections; Robert D. Benson, | * | |
| Individually and as Warden of the | * | [UNPUBLISHED] |
| Minnesota Correctional Facility at | * | |
| Stillwater; Angelito Ramos, Dr., | * | |
| Individually and as Chief Medical | * | |
| Officer of the Minnesota Correctional | * | |
| Facility at Stillwater, jointly and | * | |
| severally, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 20, 1998
Filed: May 28, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Charles Long filed this suit against a prison physician and four state prison officials, alleging various constitutional and state law violations for the defendants' refusal to prescribe him narcotic-based pain medication while he was an inmate at a state correctional facility. Long now appeals from the district court's[1] grant of summary judgment to the four state prison officials on all counts, and from the district court's[2] partial dismissal for failure to state a claim and partial grant of summary judgment as to the prison physician.

Upon de novo review, we conclude the district court properly dismissed Long's malpractice claim, and did not abuse its discretion in not deferring its ruling on defendants' summary judgment motion or not allowing Long time to obtain expert witness testimony to support his malpractice claim. As to Long's claim that defendants violated the Hines v. Anderson, 439 F. Supp. 12 (D. Minn. 1977) (Hines), consent decree which governs medical care at Minnesota's maximum security prison, we agree with the district court that Long cannot enforce the consent decree in a 42 U.S.C. § 1983 action. See DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990) (declining to hold that Hines consent decree could be enforced through § 1983 action). If Long was instead attempting to invoke the power of the district court to hold defendants in contempt for violations of the Hines decree, see Welch v. Spangler, 939 F.2d 570, 572 (8th Cir. 1991) (court has power to hold parties in contempt for violating consent decree), his claim is moot as he is no longer incarcerated, cf. Smith v. Erickson, 961 F.2d 1387, 1388-89 (8th Cir. 1992), and he does not have standing to assert the rights

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

[2]The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

of inmates who are currently incarcerated, <u>cf.</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.