# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4344

_____

| | | |
|---|---|---|
| Robert B. DePugh, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| John Lightfoot, Deputy Sheriff, Carroll | * | |
| County, Missouri in his official and | * | Appeal from the United States |
| personal capacity; Terry Endicott, | * | District Court for the |
| Deputy Sheriff, Carroll County, | * | Western District of Missouri. |
| Missouri in his official and personal | * | |
| capacity; Willis Swearingin, former | * | [UNPUBLISHED] |
| Sheriff, Carroll County, Missouri in | * | |
| his official and personal capacity, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 1, 1998
Filed: July 6, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

PER CURIAM.

Robert B. DePugh appeals the District Court's[1] adverse grant of summary judgment in his civil rights action and the denial of his motion for return of property. After a careful review of the record and the parties' submissions on appeal, we affirm.

DePugh brought this action against Carroll County, Missouri, deputy sheriffs John Lightfoot and Terry Endicott, and former sheriff Willis Swearingin, alleging they violated his civil rights by seizing, and later searching, his briefcase. DePugh alleged numerous claims under the First, Fourth, Fifth, and Fourteenth Amendments, as well as claims under two federal statutes and a claim for conspiracy. The District Court granted appellees summary judgment and denied DePugh's motion for return of property.

After de novo review, we affirm the grant of summary judgment to Endicott and Lightfoot because DePugh did not show Endicott and Lightfoot did anything other than observe Swearingin open and search the briefcase at the police station. See Creamer v. Porter, 754 F.2d 1311, 1316 (5th Cir. 1985) (where officer did not personally seize items or help in their removal from premises he was properly dismissed from 42 U.S.C. § 1983 suit because he was only "bystander"). With regard to Swearingin, we agree with appellees that either the issues underlying DePugh's claims were litigated in prior lawsuits or the claims should have been litigated in prior lawsuits against Swearingin. See Tyus v. Schoemehl, 93 F.3d 449, 453 (8th Cir. 1996) (elements of collateral estoppel), cert. denied, 117 S. Ct. 1427 (1997); Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.) (listing elements of res judicata), cert. denied, 498 U.S. 823 (1990); Poe v. John Deere Co., 695 F.2d 1103, 1105-06 (8th Cir. 1982) (explaining principles of res judicata; noting that final judgment on merits precludes relitigation of claim on any ground which could have been raised in prior action). DePugh's conspiracy claim was also properly dismissed. See Duvall v. Sharp, 905 F.2d 1188, 1189 (8th Cir. 1990)

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

(per curiam) (§ 1983 conspiracy allegation must plead specific facts suggesting mutual understanding among conspirators). We also believe that the District Court did not err in denying DePugh's motion to reconsider.

Finally, we conclude that the District Court did not err in denying DePugh's motion for return of property.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.