# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1584
_____

Cheriese Kiddie

*Plaintiff - Appellee*

v.

Johnnie A. Copeland

*Defendant - Appellant*

Meridee Kaiser; Adrian Woodbury

*Defendant*s
_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison
_____

Submitted: February 22, 2021
Filed: February 25, 2021
[Unpublished]
_____

Before GRASZ, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Johnnie Copeland appeals from an adverse grant of summary judgment by the district court in a diversity action brought by Cheriese Kiddie relating to certain trust documents executed by her deceased grandfather. After careful consideration, we reverse and remand for further proceedings.

After the district court granted summary judgment to Copeland on all claims, this court reversed and remanded for additional proceedings on the sole issue of Kiddie's claim that she became the owner of certain vehicles after her grandfather's passing. *See Kiddie v. Copeland*, 741 Fed. App'x 355, 356-57 (8th Cir. 2018) (unpublished per curiam). Approximately one year later, after no activity in the case, the district court sua sponte entered summary judgment to Kiddie on the vehicles claim. Copeland filed an unopposed motion to alter or amend the judgment, citing to new facts and case law, but the district court denied the motion because Copeland failed to cite relevant authority supporting her position. Copeland then filed an unopposed motion for reconsideration, citing to new authority, but she appealed to this court while her motion remained pending. The district court thereafter recognized that it would have ruled in Copeland's favor had the relevant information been brought to its attention earlier, but it denied the motion because Copeland's appeal divested the court of jurisdiction to grant relief.

On appeal, Copeland argues in part that the district court erred when it entered judgment without providing her notice and an opportunity to be heard. We agree. Specifically, we conclude the district court erred when it considered summary judgment on its own without identifying for the parties material facts that may not be genuinely in dispute. *See* Fed. R. Civ. P. 56(f)(3) ("After giving notice and a reasonable time to respond, the [district] court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). Because the district court entered judgment sua sponte, Copeland lacked notice and a reasonable opportunity to respond after this court remanded. *See id.* We further conclude the error was not harmless, as the district court later acknowledged

it would have granted Copeland's requested relief had the relevant cases and facts been brought to its attention earlier. *See Kaestel v. Lockhart*, 746 F.2d 1323, 1324 (8th Cir. 1984) (suggesting when a party was "not prejudiced," then the "failure to give notice was harmless error"); *see also Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 224 (3d Cir. 2004) (affirming a sua-sponte summary judgment when the "record" was "fully developed," there was a "lack of prejudice," and the "decision [was] based on a purely legal issue").

We therefore reverse the district court's judgment as to the vehicles claim and remand for further proceedings on that issue.

_____